# SUPREME JUDICIAL COURT

#### FOR THE

## COUNTY OF WORCESTER, APRIL TERM 1868, AT WORCESTER.

PRESENT:

Hon. REUBEN A. CHAPMAN, Chief Justice.
Hon. DWIGHT FOSTER,
Hon. JOHN WELLS, } Justices.
Hon. JAMES D. COLT,

---

Commonwealth *vs.* Silas James & another.

Where two persons were indicted jointly for murder, and there was evidence tending to show that one of them had made a confession which implicated both, it was *held* that separate trials ought to be granted, if such evidence was to be offered.

On the trial of an indictment for murder, the Commonwealth called a witness who testified to seeing the two defendants come from a room where the dead body was found, under such circumstances as tended to show that they were guilty of the crime. *Held*, that the Commonwealth could not show, by other witnesses, that immediately, and while giving the alarm, he told what persons he saw come from the room, and gave their names.

Although by consent, or for reasons of incompetency, the confession of the defendant is to be excluded, on the trial of an indictment for murder, it may be proved that he said something about a particular weapon, (without giving his words,) in consequence of which a witness went to a certain place and there found such a weapon.

Indictment against Silas James and Charles T. James for the murder of Joseph G. Clark.

Before the jury were called, the counsel of Silas James moved

that he might have a separate trial, assigning specially as reason therefor that in support of the prosecution evidence would probably be introduced of a confession by Charles T. James, which implicated both himself and Silas in the commission of the crime as charged in the indictment. And the testimony of a witness before the coroner's jury was read, which tended to prove such confession.

*G. F. Verry & S. Utley*, for Silas James. It is the custom to grant separate trials of prisoners indicted together, whenever requested. *United States* v. *Marchant*, 4 Mason, 170, 171. In the present case, the evidence of the confession will be competent against one of the prisoners, and incompetent against the other; but neither counsel nor court could prevent its having an effect upon the minds of the jury against Silas. Certainly the court would feel it a duty to keep this evidence from prejudicing the case of Silas. See *Commonwealth* v. *Robinson*, 1 Gray, 555. But as the confession itself implicates Silas in express terms, his case could not fail to be prejudiced. Besides: if the two prisoners are tried together, each has his right to challenge twenty-two jurors peremptorily. The result may follow that one of the prisoners will challenge certain jurors whom the other would wish to retain upon the panel; and thus the rights of each will be prejudiced.

*C. Allen*, Attorney General, for the Commonwealth. It is the general custom, when prisoners have been indicted together, to try them together. Judge Story himself thought differently as to this, after giving the opinion in *United States* v. *Marchant*. See *United States* v. *Gibert*, 2 Sumner, 63, 64; *Commonwealth* v *Robinson*, 1 Gray, 555; *State* v. *Soper*, 16 Maine, 293; *State* v. *Conley*, 39 Maine, 78; *United States* v. *Collyer*, Wharton on Homicide, (Appx.) 489, 490; *United States* v. *Kelly*, 4 Wash. C. C. 528; *State* v. *Wise*, 7 Rich. 412; *State* v. *McGrew*, 13 Rich. 316; *Mask* v. *State*, 32 Mississippi, 405; *United States* v. *Wilson*, Baldwin, 81. The granting of this motion is a matter of discretion in the court. The fact that either or each of the prisoners charges the other with the crime has been held insufficient. Such accusation is common, when the evidence is strong

*Maton* v. *People*, 15 Ill. 536.   And it has been very often held that a prisoner's right of challenge is merely a right to exclude jurors to whom he objects; and not to insist on being tried by jurors whom he likes.

CHAPMAN, C. J.   The general rule is, that persons jointly indicted should be tried together.   It is conceded that the court may in its discretion order separate trials.   This should not be done unless it appears that one or more of the defendants may be prejudiced by a joint trial.   The fact that it may affect their right of challenge is not a sufficient reason for directing separate trials.   If it were, it would be a reason for changing the general rule, as it applies to all cases.   But in the present case, if the Commonwealth intends to offer in evidence the whole confession of Charles T. James, its application to Silas James as well as to himself may prejudice Silas, and the motion should be granted.   We regard this, however, as an exceptional case.   It will generally be safe to try parties together, although some admissions may be made by one that are not binding on the other.

The attorney general (after consultation with *H. Williams,* district attorney, who was with him,) said that he would not offer the evidence of the confession.   The motion for separate trials was thereupon overruled; the jury were impanelled; and the trial proceeded.

There was evidence tending to show that a woman, who was the mistress of Clark, came, as usual, to his room, a little before seven o'clock on the evening of the murder, and, being unable to get in, waited upon the stairs until after nine o'clock, when she saw two persons come out, with the collars of their coats turned up so as partially to conceal their faces, and she immediately went in and found Clark dead, with his head cut open, and the room on fire, and came out at once, crying, and went into a room on the opposite side of a passage, and gave the alarm to two persons who were there.   The woman testified that the two persons whom she saw come out of Clark's room were the prisoners.   The Commonwealth then offered to show, by one of the other witnesses, that, when she first gave the

alarm, she told what persons she saw come out of the room, and gave their names. Objection being made, the attorney general stated that he would not ask the witness what persons she named, but sought simply to show that she did name some persons. But the evidence was excluded.

There was evidence tending to show that the murder was committed by cutting Clark's head open with a hatchet. A police officer, called as a witness, was asked if Charles T. James, at any time after arrest, said anything to him about a hatchet, in consequence of which he did anything; and, if so, what he did.

*P. E. Aldrich*, for Charles T. James, objected to this testimony on the ground that a confession had already been procured from the prisoner under such circumstances as would have made it incompetent, even without the agreement to waive the proof of it; that what he said subsequently, while under the same influence, was also incompetent; and that the prisoner ought not to be compelled to furnish evidence against himself.

The attorney general cited 2 Hawk. *c.* 46, § 38; 1 Archb. Crim. Pr. (Waterman's ed.) 130; *Commonwealth* v. *Knapp*, 9 Pick. 511.

The witness stated, in reply to a question, that nothing was said by Charles T. James at the time of this conversation in any way referring to Silas. He was thereupon allowed to testify that Charles did say something about a hatchet, in consequence of which the witness went to a canal and there found a hatchet which it was contended on the part of the Commonwealth was shown by other evidence to have been purchased by Charles on the day of the murder.

The prisoners were both convicted of murder in the first degree; and were hanged.