[Crim. No. 1645.   In Bank.—December 21, 1911.]

## THE PEOPLE, Respondent, v. ALEX SZAFCSUR, Appellant.

CRIMINAL LAW—MURDER—SHOTS FROM REVOLVER—ADMISSIONS—PRIMA
FACIE SHOWING—PROPER ADMISSION OF REVOLVER.—Where it is
undisputed that the defendant killed his wife by three shots from a
revolver fired into her body at evening; that he went from his house
to a public park, where by exploding a shell he inflicted a scalp
wound upon himself, where he was found by an officer with the
pistol in his hand, who took charge of it and found it to be a five-
chamber revolver, with three discharged chambers and one exploded
and one unexploded shell; and defendant afterwards admitted to the
officer that he killed his wife and obtained the revolver and ammu-
nition at a pawn shop on the morning of that day,—there was *prima
facie* evidence that the revolver taken from him was the one with
which the killing was done, and in the absence of any counter show-
ing, it was properly admitted in evidence.

ID.—REMARKS OF COURT AS TO PROCEDURE—WEIGHT OF EVIDENCE NOT
INVOLVED.—The remarks of the court correctly addressed to counsel
for defendant as to the proper mode of procedure in endeavoring to
impeach a witness for the prosecution by his evidence at the prelim-
inary examination, to which such counsel replied that owing to the
incompetency of the interpreter he could not do otherwise, to which
the court replied that if the interpreter was incompetent, another
could be obtained who was competent; that he wished to straighten
out the matter and did not "want any dilly-dallying about small
matters," did not involve any comment on the weight of evidence.

ID.—QUESTION BY DISTRICT ATTORNEY NOT PREJUDICIAL—OBJECTION
SUSTAINED.—The asking of a question by the district attorney, to
which an objection by the counsel for the defendant was sustained,
cannot be prejudicial misconduct.

ID.—ACTION OF COURT NOT PREJUDICIAL—QUESTION TO WITNESSES—
RULINGS AND REMARKS—HOSTILITY NOT SHOWN.—The action of the

court in questioning witnesses for the prosecution merely for the purpose of bringing out more clearly some of the facts which the witnesses had left indefinite, and in its rulings and remarks as to procedure, do not amount to misconduct or evince any hostility to either counsel or his client or his cause, though he might have been more urbane in some respects.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. George H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

Henry F. Marshall, for Appellant.

U. S. Webb, Attorney-General, and George Beebe, Deputy Attorney-General, for Respondent.

LORIGAN, J.—Appellant was convicted of the murder of his wife and sentenced to death and from the judgment and an order denying his motion for a new trial appeals.

Trouble had occurred between appellant and his wife and she had instituted divorce proceedings. The evidence shows that prior to the killing appellant had contemplated the death of his wife and his own suicide. The parties lived on Frederick Street in the city of San Francisco near Golden Gate Park. On the morning of April 4, 1910, appellant purchased a pistol and ammunition and about 7:30 in the evening went home and deliberately fired three shots therefrom into the body of his wife causing her instant death. He immediately ran from the house to Golden Gate Park and there shot himself in the head inflicting, however, a scalp wound from which he readily recovered. A police officer, immediately notified of appellant's attempted suicide, found him lying in the park, wounded as stated, but conscious, and with a five-chamber revolver in his hand, three chambers being empty and the other two containing shells—one exploded, the other intact.

On the trial the appellant did not take the stand; the killing of his wife by him was not denied, the sole defense interposed in his behalf being that he was insane at the time he killed her.

On this appeal the following points are made for a reversal: that the court erred in admitting in evidence the revolver found in the possession of the defendant in the park and

which was taken from him by the police officer, because it was not sufficiently identified as the weapon with which he killed his wife; that for the same reason it erroneously allowed testimony by the same officer of statements by defendant concerning the purchase of a revolver and ammunition on the morning of the killing; that the court erred in commenting before the jury on the weight of certain evidence, and that both the court and the district attorney were guilty of misconduct prejudicial to the cause of the defendant.

None of these points have any merit and in ordinary cases might be disposed of with short notice. As, however, this is a capital case, we will consider them separately.

That the deceased was killed by shots fired from a revolver by appellant there can be no question; there is no room for dispute in the case on that subject, and this being true, under ordinary circumstances, whether the court erred in admitting on insufficient proof of identity a particular revolver with which it was claimed a killing took place could work no prejudice. Appellant's claim of prejudicial error is based, however, on the nature of his defense—insanity. He insists that admitting the revolver in evidence which was found in possession of appellant in the park, together with the showing of its condition as to the absence and presence of shells, afforded a basis for an argument by the district attorney to the jury, and which was in fact made, that appellant on his way to the park after the firing of the three shots at his wife had extracted that number of empty shells from the revolver and that this action hardly comported with the act of an insane man. We simply state the reasoning of counsel for appellant to show that if the court erred there might be some plausibility in his claim that the error was prejudicial. But we think there was sufficient proof tending to show that the revolver which was found in the hand of appellant by the officer was the same weapon with which the killing had been done and its admission in evidence was proper for the very reason which appellant now assigns against its admissibility. That appellant killed his wife with a revolver was, as we have said, at no time in the case open to question. Immediately after shooting her he ran to the park and within a short interval of time after the killing of his wife attempted suicide and is found in the possession of a revolver with three chambers

emptied which would represent the chambers discharged at his wife, if it was the same weapon he had used on her, with an exploded shell used in his attempted suicide and an unexploded shell. The police officer took him to the county jail and seated together there on a bench the officer interrogated him about the revolver and the killing of his wife. The officer was not inquiring about an indefinite revolver but about the very one he had taken from him and in connection with the killing of his wife. He admitted killing her. About the revolver he was asked "Did you purchase it (the revolver) previous to that time of the shooting?" (referring to the shooting of his wife), and defendant answered that he had purchased the revolver the same day; that he had gone down town and purchased it and the ammunition at a pawn shop. This evidence on the part of the police officer, while it does not point with clearness or certainty to the identity of the revolver as the one with which the killing was done, was sufficient *prima facie* evidence to warrant its admission in evidence as the revolver with which it was accomplished. Nowhere in the case was there any effort to overcome this showing.

Now, as to the other points. There is no merit in the claim of appellant that the court commented on the weight of the evidence. During the cross-examination, through an interpreter, by counsel for defendant of a witness produced on behalf of the prosecution, the court said: "Never mind what your statement is. This is a small matter. I want to straighten it out. I don't want any dilly-dallying about small matters." Counsel for defendant was endeavoring to impeach the witness by calling her attention to what purported to be testimony given by her on the preliminary examination of the defendant as appeared in the printed record thereof which counsel had. Counsel and the court had some discussion as to the proper method of proceeding to do so. The court suggested that the proper method for counsel to pursue was to read the question and answer to the witness as counsel claimed it had been given at the preliminary examination and then ask the witness if the question so purporting to have been asked and answered by her was so asked and answered by her. Counsel for defendant claimed that he was entitled to pursue the method he was following on account of the incompetency of the interpreter not permitting the proper method. The

court then remarked that another interpreter would be provided and counsel for defendant expressing a desire to make a statement to the court, the judge used the language complained of. This remark by the court was not a comment on the weight of any evidence given by the witness then being examined. The "dilly-dallying" had reference to further discussion by counsel of his inability to proceed in the method suggested by the court, which was undoubtedly the correct one, on account of the incompetency of the interpreter, after the court had announced that another interpreter would be called so that the difficulty could be obviated. It had reference to frittering away time in useless discussion about the incompetency of the present interpreter when another one was to be procured and had no relation to the testimony of the witness.

Assignments are made of misconduct on the part of the court and district attorney to the prejudice of the rights of the defendant. Only one assignment is made of misconduct on the part of the district attorney in asking a question to which an objection of counsel for defendant was sustained. This assignment is entirely without merit.

It is claimed that the court interrogated witnesses on the part of the people, thereby showing an active sympathy with the prosecution; that it entered into unnecessary controversy with counsel for defendant; was abrupt in its rulings against him and in several instances unreasonably reproved counsel and showed hostility to the position of counsel for the defendant in the method of presenting his client's case, all of which tended to embarrass and humiliate counsel and prejudice the cause of his client before the jury. But none of these points is well taken. The interrogation of witnesses by the court was for the purpose of bringing out more clearly some facts which the testimony of the witnesses upon the subject had left rather indefinite. As to the other matters complained of, when the record is examined, it is found that they do not amount in any degree to misconduct on the part of the court or show any hostility to either counsel, his client, or his cause. While in some instances the rulings of the court were abrupt and its remarks to counsel emphatic, they were directed to matters respecting testimony and procedure and directed solely to points and propositions of law involved, and the discussion

between court and counsel had reference to the orderly method of procedure in which the court was right. It is true the court might in some respects have been more urbane and proceeded with a nicer regard to the sensibilities of counsel who was respectful and courteous to the court throughout the trial and was defending the accused under appointment by the court. This, however, is a temperamental and ethical matter addressed to the court's own sense of propriety and its conduct in that respect is not subject to review by the appellate court save to consider whether it has tended to prejudice the defendant. (*People* v. *Oliveria*, 127 Cal. 383, [59 Pac. 772]; *People* v. *Modena*, 146 Cal. 142, [79 Pac. 842].) The court was insisting when the rulings and remarks complained of were made on having certain proceedings conducted in what it deemed a proper and orderly way, and while somewhat brusque and emphatic in insisting that counsel should proceed as directed by the court, these rulings were proper and made without any intention of injuring counsel or the cause of his client and cannot be said to have had any such effect.

The judgment and order appealed from are affirmed.

Shaw, J., Angellotti, J., Melvin, J., Henshaw, J., and Sloss, J., concurred.

Rehearing denied.