## LEE DOCK et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit.  June 8, 1915.)

1. CRIMINAL LAW ⬥622, 1148—SEPARATE TRIALS FOR DEFENDANTS JOINTLY INDICTED—DISCRETION OF TRIAL COURT.

Refusal to grant defendants, jointly indicted, separate trials, is within the trial court's discretion, and will not be disturbed, in the absence of abuse of discretion.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1380–1383, 1385, 1386, 1388–1390, 3050–3052; Dec. Dig. ⬥622, 1148.]

2. CRIMINAL LAW ⬥1159—EVIDENCE—SUFFICIENCY.

Where there was evidence, if believed, to justify a conviction, the court on appeal will not disturb a verdict of guilty.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3074–3083; Dec. Dig. ⬥1159.]

In Error to the District Court of the United States for the Eastern District of New York.

On writ of error to the United States District Court for the Eastern District of New York to review a judgment entered upon the verdict of a jury finding the defendants guilty under an indictment containing two counts, the first charging the defendants with manufacturing opium, not being citizens of the United States, and the second charging them with having manufactured opium without having given the bond required by law.

Michael H. Rose, of Brooklyn, N. Y. (L. Victor Fleckles, of Brooklyn, N. Y., on the brief), for plaintiffs in error.

Melville J. France, U. S. Atty., of Brooklyn, N. Y. (Samuel J. Reid, Jr., of New York City, of counsel), for the United States.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

COXE, Circuit Judge.  [1] The refusal to grant the defendants separate trials was within the discretion of the trial court and, in the absence of any valid contention that this discretion was abused, no exception will lie to the ruling. United States v. Ball, 163 U. S. 662,

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

672, 16 Sup. Ct. 1192, 41 L. Ed. 300. There was no ground for an exception to the question whether these defendants had given a bond for the manufacture of opium. The answer of the witness, "None to my knowledge," in connection with the rest of his testimony, was competent and sufficient, in the absence of any denial or proof to the contrary.

[2] The case is one of circumstantial evidence; no one saw these defendants actually making opium prepared for smoking, but there was evidence from which the jury might have reached the conclusion that the premises where the utensils were found were actually leased and occupied by the defendants. This being so, it is hardly probable that these utensils were there without the defendants' knowledge and consent. The testimony that the utensils were used in the manufacture of opium is too clear to admit of doubt. The evidence warranted the finding of the jury that the manufacture of smoking opium was carried on in the room leased by the defendants, who paid rent for the same; sometimes it was paid by Lee Dock and sometimes by Lee Leung. When they were not there the door of the room where the utensils were found was padlocked.

One of the Treasury agents, Peter J. Sullivan, testified that while he was watching the defendant Lee Dock he saw him go to a wall in the back of the store where a Chinese coat was hanging. His testimony on this subject is as follows:

"He grabbed the coat and he fumbled in the pocket, and ran through a sort of alcove into an alley. Here's the store and a pair of stairs like. He took the key and threw it out, and I brought him back."

This key opened the lock on the door, where the "paraphernalia" was found. It is, however, unnecessary to review the evidence in detail from which the jury were justified in drawing the conclusion that the defendants were engaged in manufacturing smoking opium. It is sufficient that there was such evidence and if the jury believed it to be true they were justified in finding a verdict of guilty. There were no exceptions to the charge and no requests to charge were made by the defendants.

The judgment is affirmed.