## SOBLOWSKI et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit.   February 2, 1921.)

No. 144.

1. **Criminal law 🔑1159(2)—Weight of evidence cannot be reviewed.**
    In a criminal prosecution, the Circuit Court of Appeals cannot review the weight of the evidence.

2. **Criminal law 🔑1148—Denial of separate trial reviewable only for abuse of discretion.**
    The refusal of the trial judge to grant a separate trial to two of the three defendants is a matter of discretion, reviewable only where abuse of such discretion is shown.

3. **Criminal law 🔑622(2)—Objection to atmosphere created by codefendant does not entitle to separate trial.**
    The fact that two defendants asking a separate trial did not like the atmosphere created by the presence of the third defendant before the jury does not authorize reversal of conviction for refusal of the separation.

4. **Criminal law 🔑656(8)—Court's comment in denying directed verdict held not expression of opinion on facts.**
    Statements by the court, during a discussion with counsel on the motion to direct an acquittal, that there were other circumstances pointing to the asserted guilty knowledge of defendants, is not such an expression of the opinion on the facts as requires a reversal of the conviction.

5. **Criminal law 🔑673(4)—Evidence may be admitted as against certain defendants only.**
    In a prosecution against three defendants, it was not error for the trial court to admit evidence only as against certain of the defendants, and not as against the others.

In Error to the District Court of the United States for the Western District of New York.

Louis Soblowski and another were convicted of receiving goods shipped in interstate commerce which had been stolen from a railway car, and they bring error.   Affirmed.

The Soblowskis are the other defendants under the indictment considered in Degnan v. United States, 271 Fed. 291, opinion filed herewith.   They took this separate writ.   In other respects the records of the two cases are substantially identical.

Louis E. Fuller, of Rochester, N. Y., for plaintiffs in error.

Stephen T. Lockwood, U. S. Atty., of Buffalo, N. Y. (John T. Walsh, Sp. Asst. U. S. Atty., of Buffalo, N. Y., of counsel), for the United States.

Before WARD, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge.   This record is open to the criticisms made by us in the Degnan opinion; they need not be here repeated.

[1] We are again asked to hold (in the language of the brief) that "as matter of fact the evidence was not sufficient to sustain the conviction" of the plaintiffs in error.   That in proceedings at law before a jury reviewable by writ of error this court is not empowered to consider the weight of the evidence is a matter so plain that since Crowley

v. Clark (C. C. A.) 263 Fed. 58, we have pointedly refused even to cite authority therefor. That there was no evidence tending to support the conviction of the Soblowskis is not true, and is not, we think, seriously asserted.

[2, 3] It is insisted that the refusal of the trial judge to grant to the Soblowskis a separate trial was error. We have held, in cases not referred to in the briefs, that this is a matter of discretion, reviewable only where abuse of discretion is exhibited. Lee Dock v. United States, 224 Fed. 431, 140 C. C. A. 125; Schwartzberg v. United States, 241 Fed., 348, 352, 154 C. C. A. 228. No abuse of discretion is even suggested; the real point is that these defendants did not like the "atmosphere" created by the presence of Degnan before the jury. This is very far from enough to require reversal.

[4] Much complaint is made of comment by the court upon the evidence not only nor especially in his colloquial charge, but during a discussion with counsel on the motion to direct a verdict of acquittal. It would serve no good purpose to recite the language complained of. Suffice it to say that when the court said, after a protracted trial, that "there are other circumstances, other indicia, other facts pointing to the asserted guilty knowledge with which these shoes were possessed," the words were fully justified by the testimony given before the jury, and it disposes of the matter to say that language far more direct and more expressive of an opinion on the facts than anything shown by this record has recently been justified in Horning v. District of Columbia, 254 U. S. 135, 41 Sup. Ct. 53, 65 L. Ed. ——.

[5] It is also seriously urged that in numerous instances the learned court below admitted evidence only as against certain of the defendants and not against others. This matter we explicitly covered in Radford v. United States, 129 Fed. 49, 66 C. C. A. 491.

The other matters touched on in argument are not grounded upon due objection and exception, and their discussion is not necessary to prevent plain injustice. Gruher v. United States, 255 Fed. 478, 166 C. C. A. 550.

The judgment is affirmed.