[Crim. No. 640.    Third Appellate District.—December 18, 1922.]

THE PEOPLE, Respondent, v. SYLVESTER ROGERS et al., Appellants.

[1] CRIMINAL LAW—JOINT TRIAL OF DEFENDANTS—CONSTITUTIONAL LAW.—The portion of section 1098 of the Penal Code, as amended by the legislature of 1921 (Stats. 1921, p. 90), providing that "when two or more defendants are jointly charged with any public offense, whether a felony or a misdemeanor, they must be tried jointly, unless the court order special trials," does not conflict with any provision of the constitution.

APPEAL from a judgment of the Superior Court of Sacramento County. Malcolm C. Glenn, Judge. Affirmed.

The facts are stated in the opinion of the court.

No appearance for Appellants.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

HART, J.—The appellants jointly with one William Fleming were informed against by the district attorney of Sacramento County for the crime of robbery, alleged to have been committed on the twelfth day of April, 1922, in said county, upon the person of one Floyd McBride, it being alleged that said defendants by means of force and fear took from the possession and in the immediate presence of said McBride one open-face watch and one watch-chain of the value of thirty dollars and of the personal property of said McBride. The appellants were jointly tried for and convicted of the crime so charged and took an appeal from the judgment of conviction.

The cause was regularly placed upon the calendar of the December, 1922, term of this court for hearing and argument, and the attorneys of record for the appellants duly notified of that fact. On the day upon which the case was called for hearing no one appeared for the appellants and, consequently, the cause was not orally argued before this court. No briefs had been filed in the case and the cause, upon being called for hearing, was submitted by the

60 Cal. App.—12

attorney-general upon the record. No briefs have since been filed in behalf of the appellants.

We have examined the record with care and have discovered no reason for disturbing the verdict. [1] It appears from the record, however, that immediately after judgment of sentence was pronounced one of the counsel for the appellants gave oral notice of an appeal from the judgment and at the same time stated that there was but one question involved in the case which he desired reviewed on appeal, to wit, the constitutionality of that portion of section 1098 of the Penal Code, as amended by the legislature of 1921 (Stats. 1921, p. 90), providing that "when two or more defendants are jointly charged with any public offense, whether a felony or a misdemeanor, they must be tried jointly, unless the court order special trials." In this case an application was made for separate trials of the three defendants, but the court, after stating that there was no showing upon which the claim for separate trials could justly be made and no such showing having been offered by counsel, denied the request for separate trials and ordered the appellants to be tried jointly.

Undoubtedly if it were necessary to hold that the legislature in clothing trial courts with the power or discretion of determining whether persons jointly charged with the same public offense should be tried separately or jointly had transcended its constitutional authority, we would be required to hold that a fundamental right of the defendants had been denied them in the order of the court refusing them separate trials. The question is one, therefore, which should be considered, notwithstanding that the appellants have failed to argue the case before us, either orally or by way of briefs, the record, as seen, showing that the question was raised in the court below. As stated, there are no briefs on file herein and counsel have not otherwise attempted to support the suggestion that said provision of the Penal Code is in conflict with the constitution. Our opinion is, however, that there is no provision of the constitution with which said section conflicts. To the contrary, we think that the section vests the trial courts with a wise and proper discretion in the matter of determining whether in any case where two or more parties are jointly charged with the same offense they shall be tried jointly or separately.

A similar point was urged in the recent case of *People* v. *Anderson et al.,* 59 Cal. App. 408 [211 Pac. 254]. Speaking of section 1098 of the Penal Code, as amended by the legislature of 1921, it was there said:

" . . . The court may, in its discretion, order separate trials of two or more defendants jointly charged with a felony, but is not bound or required to do so upon the mere request of any defendant. We presume that if there were circumstances in a particular case which would render it peculiarly proper or only just that there should be accorded to several defendants so charged separate trials and such circumstances were in an appropriate legal way brought to the attention of the trial court, the question whether such court, in denying separate trials, abused its discretion might be a proper subject of review. In the instant case, though, there is no showing which presents a reviewable question. The mere request of the defendants for separate trials and the order refusing the application constitute all there is of the record upon that question, and, obviously, upon such a showing this court cannot say whether there was or was not an abuse of discretion in the making of the order complained of."

It is true that the question of the constitutionality of the provision referred to was not considered in the Anderson case. But we assumed, from an examination of authorities from other jurisdictions in which the precise question was considered, that the constitutional validity of the provision could not be questioned. The following are the cases which we then examined: *Commonwealth* v. *Boraskey et al.,* 214 Mass. 313, 316 [101 N. E. 377], and other cases therein cited; *Commonwealth* v. *James,* 99 Mass. 438; *United States* v. *Ball et al.,* 163 U. S. 662 [41 L. Ed. 300, 303, 16 Sup. Ct. Rep. 1192, see, also, Rose's U. S. Notes]; *Lee Tuck et al.* v. *United States,* 224 Fed. 431 [140 C. C. A. 125]; *United States* v. *Marchant,* 25 U. S. (12 Wheat.) 480 [6 L. Ed. 700]. Those cases hold that whether two or more persons charged jointly with a felony shall be tried together or separately is discretionary with the trial court. We have not examined the foregoing authorities for the purpose of determining whether therein they were dealing with statutes which, like ours, expressly vest a trial court with the power of requiring defendants jointly charged to be jointly tried.

In *Commonwealth* v. *James,* 99 Mass. 438, however, the supreme court of that state declares: "The general rule is that persons jointly indicted should be tried together," from which language it is to be inferred that there was no statute covering the subject and that it was therein intended to declare the general rule in the absence of statutory regulation of the matter. But in either case the decisions referred to would be directly pertinent to the proposition in hand here and would seem to negative the suggestion that the section of our Penal Code referred to is unconstitutional.

The evidence presented by the record is incomplete. The certificate of the judge of the trial court shows that only certain portions of the testimony were requested by counsel for the defendants to be transcribed for the purposes of the appeal and only such portions of the testimony as were requested by counsel for the appellants to be transcribed are to be found in this record. In view of the certificate of the judge showing that all the testimony brought out at the trial is not in the record before us, the presumption is that there was sufficient competent testimony to justify the verdicts.

The judgment is affirmed.

Burnett, J., and Finch, P. J., concurred.