[Crim. No. 1344. First Appellate District, Division Two.—March 15, 1927.]

THE PEOPLE, Respondent, v. WILLARD HALE et al., Appellants.

[1] CRIMINAL LAW—ROBBERY—PISTOLS FOUND IN DEFENDANTS' ROOMS AFTER ROBBERY—EVIDENCE.—In a prosecution for robbery, pistols found by a police officer five days later in rooms occupied by defendants and two women companions were properly admitted in evidence, for the purpose of showing that defendants had the means available to commit the crime charged against them, where the victims testified that the pistols resembled those used by defendants at the time of the robbery.

[2] ID.—IDENTIFICATION—EVIDENCE.—A distinction is to be drawn between a case where the identification of the object is the only evidence of its use, and where, its use having been proven by other testimony, it is offered only to show that the means were available to do the act in the manner independently testified to by witnesses.

[3] ID.—WITNESSES—RECROSS-EXAMINATION—REPUDIATION OF WRITTEN STATEMENT—IMPEACHMENT.—In this prosecution for robbery, recross-examination of a witness for defendants to show his repudiation upon redirect examination of a written statement, admitted on cross-examination, was proper, even though it showed the witness to be a robber of extensive experience and none of the robberies involved defendants.

(1) 16 C. J., p. 619, n. 36.   (3) 40 Cyc., p. 2762, n. 98.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. Percy S. King, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

J. W. Ehrlich for Appellants.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

1.   See 8 Cal. Jur. 143.

KOFORD, P. J.—The defendants appeal from a judgment of conviction of the crime of robbery and from an order denying a new trial.

[1] The appellants contend that the court erred in admitting in evidence two automatic pistols. One of the victims of the robbery testified that both of the defendants had guns (pistols) and the other victim testified as to the weapon held by the defendant who handled him at the time of the robbery. On being shown the weapons in court these witnesses testified that they resembled those used by the defendants at the time of the robbery and testified further as to the shape, appearance, and general description of the weapons used. Neither could positively identify the pistols. A police officer testified to having taken the weapons immediately after the arrest of defendants from the rooms in which the defendants lived with two women companions. This was five days after the robbery.

It is claimed that the pistols were not admissible because not sufficiently identified by the witnesses, because they were found five days after the robbery not in the presence of the defendants, and because other persons, namely, the two women mentioned, had access to the rooms. Appellants cite no authority except *State* v. *Kehr*, 133 Iowa, 35 [110 N. W. 149]. In that case it was held that mere possession by the defendant more than two months after the crime, and with no other evidence tending to identify the weapon, was insufficient as a foundation for its admission in evidence. Appellants' objection to the evidence goes more to its weight than its admissibility. The preliminary proof is not required to amount to clear and positive identification. (*People* v. *Winters*, 29 Cal. 659; *People* v. *Szafesur*, 161 Cal. 636 [119 Pac. 1083].)

[2] A distinction is to be drawn between a case where the identification of the object is the only evidence of its use and where the use of the object has been proven by other testimony. The identification of the object in the latter case is merely for the purpose of showing that the means were available to do the act in the manner independently testified to by witnesses. In this case the discovery of the pistols in the rooms of the defendants, and such identification as was made by the victims of the robbery, do not constitute proof

that the defendants used pistols at the time of the robbery. These witnesses had testified to the use of pistols by the defendants in the robbery and the weapons were admissible for the purpose of showing that the defendants had the means of doing what the witnesses had charged them with doing. It was said in *People* v. *Billings,* 34 Cal. App. 549 [168 Pac. 396], and approved in *People* v. *Mooney,* 177 Cal. 654 [171 Pac. 690]: "The fact that the cartridges found in the room of the defendant after the commission of the crime were of the same character and caliber of those found in the bodies of the victims of the explosion was admissible, as tending in a measure to show that the defendant had the means at hand to commit the crime charged against him in the manner and by the means which it was shown were employed to commit the crime. (1 Michie on Homicide.)"

[3] Defendants called a witness from San Quentin state prison, where he was serving a term for robbery. He testified on direct examination that the pistols were his and were placed by himself where found by the police. On cross-examination he admitted making and signing a written statement, a portion of which was read, containing statements contradictory to his testimony regarding the pistols. On redirect examination he excused his written statement by saying he was mentally and physically ill at the time on account of being deprived of his customary morphine. On recross-examination the entire statement as signed by him was read part by part and the witness asked as to each part whether it was true, and when he answered affirmatively, whether there was anything wrong with his mental or physical condition at the time he made the various statements contained in the writing. The statements (there were two made on two successive days) contained a record of the witness' activity as a robber over a considerable period of time. None of the robberies involved the defendants. The direct and legitimate purpose of this recross-examination was to show the witness' repudiation of his written statement to be untrue, but incidentally it proved him to be a robber of extensive experience. Appellant's ground of objection to this testimony was that it was immaterial, the crimes mentioned by the witness not involving the defendants in any way. The testimony was properly admitted. The prosecution had the right to discredit on recross-examination the ex-

planation given by the witness on redirect of his inconsistent statement admitted on cross-examination. If incidentally this brought in facts immaterial to the main issues in the case the defendants cannot complain. Even where testimony admitted in this manner has been injurious to the character of the defendants it has been held proper. (*People* v. *Smith,* 134 Cal. 453 [66 Pac. 669]; *People* v. *Smallman,* 55 Cal. 185.)

The judgment and order appealed from are affirmed.

Sturtevant, J., and Nourse, J., concurred.