[Crim. No. 282. Fourth Appellate District.—March 28, 1935.]

THE PEOPLE, Respondent, v. CLYDE BONNER, Appellant.

Edward B. Patterson for Appellant.

U. S. Webb, Attorney-General, Frank Richards, Deputy Attorney-General, Elmer Heald, District Attorney and R. I. French, Deputy District Attorney, for Respondent.

JENNINGS, J.—The defendant Clyde Bonner and his brother, Earl Bonner, were tried before a jury and were convicted of the crime of first degree robbery which was shown to have been committed near the city of El Centro, California, in the evening of August 26, 1934. Judgment in conformity with the verdict was rendered whereby it was ordered that Clyde Bonner be confined in the state prison at Folsom as punishment for the commission of the offense. From the judgment thus rendered and from the order denying his motion for a new trial the defendant Clyde Bonner has appealed.

Appellant's first contention is that the trial court erred in refusing to grant his application for a separate trial. No authorities in support of this contention are cited by appellant. The following authorities amply support the

trial court's action in denying appellant's motion for a severance: *People* v. *Bringhurst,* 192 Cal. 748 [221 Pac. 897]; *People* v. *Erno,* 195 Cal. 272 [232 Pac. 710]; *People* v. *Anderson,* 59 Cal. App. 408 [211 Pac. 254]; *People* v. *Rogers,* 60 Cal. App. 177 [212 Pac. 412]; *People* v. *Remington,* 74 Cal. App. 371 [240 Pac. 526]; *People* v. *England,* 140 Cal. App. 310 [35 Pac. (2d) 565].

Appellant's second contention is that the trial court erred in admitting in evidence the confession of appellant's codefendant Earl Bonner for two reasons, first, because the confession was not shown to have been free and voluntary, and second, because it was peculiarly prejudicial to appellant in that it implicated him in the commission of the offense and was shown to have been given outside his presence and was therefore purely hearsay evidence so far as he was concerned.

As to the first of the above-mentioned grounds, it is obvious that the character of the confession depended on the circumstances which surrounded the giving of it. Examination of the record entirely fails to support the contention that it was not freely and voluntarily given.

As to the second ground, while it is apparent that the evidence regarding the confession was dangerous to appellant, since it directly implicated him in the commission of the offense, it is also equally apparent that it was properly admitted as to his codefendant. The record shows that the trial court properly and carefully instructed the jury that it should not consider the confession in arriving at a determination of appellant's guilt or innocence. We must here assume, in the absence of any showing to the contrary, that the jury followed the court's advice and that it did not consider the confession as evidence which tended to prove appellant's guilt. Appellant's contention that the evidence regarding his codefendant's confession was improperly admitted as to him may not therefore be sustained. (*People* v. *Trotter,* 120 Cal. App. 54, 62 [7 Pac. (2d) 731]; *People* v. *Burdg,* 95 Cal. App. 259, 268 [272 Pac. 816].)

Appellant's third contention is that the trial court erred in permitting respondent to exhibit to the jury certain guns which were not shown to have had any connection with the offense for whose commission appellant was being tried and

in permitting respondent to introduce evidence which tended to show the commission by the defendant Earl Bonner of another offense subsequent in point of time to the robbery and not in any way connected with it.

■ With respect, first, to the objection that the trial court permitted certain guns which were not shown to have been used in the robbery to be exhibited to the jury, it should be observed that the record indicates that two guns were produced by the prosecution and were marked for identification. Neither of these weapons was admitted in evidence nor was any evidence produced which tended to show that either of them was used in the commission of the robbery. It was shown, however, that both of the guns were found at the place where appellant and his codefendant were arrested. ■ It is settled that evidence of the circumstances attending the arrest of an individual who is charged with the commission of a public offense is admissible at his trial on the theory that it has a tendency to establish guilt. (*People* v. *Winthrop,* 118 Cal. 85, 91 [50 Pac. 390].) Since it was shown that the robbery with which appellant was charged was accomplished through force and fear and that guns were used in its commission it would not have been erroneous to have admitted in evidence the guns which were found at the place where appellant was arrested for the purpose of showing that appellant and his codefendant had the means available to commit the crime of first degree robbery. (*People* v. *Hale,* 81 Cal. App. 734, 735 [254 Pac. 639]; *People* v. *Stoerkel,* 87 Cal. App. 336, 339 [262 Pac. 825]; *People* v. *Mar Gin Suie,* 11 Cal. App. 42, 50 [103 Pac. 951].) Certainly no error was committed by the trial court in permitting the weapons to be marked for identification.

■ With respect to the objection that respondent was permitted to introduce evidence which showed that appellant's brother, the codefendant Earl Bonner, committed another offense at the time of appellant's arrest, which offense was in no manner connected with the robbery, the record shows that the prosecution was permitted to show that at the time appellant and his codefendant were placed under arrest, the codefendant shot and wounded a police officer. No error was committed by the trial court in admitting this evidence. It was a circumstance which occurred at the time

the two men were being placed under arrest and as such was properly admitted. (*People* v. *Wilson,* 86 Cal. App. 160, 165 [260 Pac. 330].)

Appellant's fourth contention is that the trial court erred in permitting portions of the testimony given by the defendant Earl Bonner at the preliminary examination of the two defendants on the robbery charge to be read in evidence during the trial in the superior court without requiring that the whole of such testimony be introduced. With respect to this evidence, the record shows that appellant first objected to part of the testimony only being introduced and this objection being overruled he objected to the whole of it being read. This objection was likewise overruled. However, it does appear that not all of the testimony was introduced and that appellant and his codefendant interposed objections to the reading of certain extracts from the testimony and that such objections were sustained. It might be a sufficient answer to appellant's contention that the court erred in not requiring the whole of the testimony to be introduced to observe that appellant himself objected to the introduction of certain portions and that therefore if the trial court did err in not requiring the whole of the testimony to be read, this error was committed at the instigation of appellant in objecting to the reading of certain extracts. No difficulty would be encountered in deciding that the appellant waived the objection which he now makes through his repeated objections to the introduction of certain parts of the testimony. However, we think that there is another more cogent reason for rejecting appellant's contention.

Examination of the record indicates that the evidence whose admission forms the basis of appellant's contention of prejudicial error which is now being considered was offered and admitted on the theory that it was a free and voluntary confession of guilt made by one of two defendants when on trial during the course of the preliminary examination of the two defendants before a committing magistrate. As such, the evidence was clearly admissible and no error was committed in its reception. (*People* v. *Kelley,* 47 Cal. 125; *People* v. *Thourwald,* 46 Cal. App. 261, 267 [189 Pac. 124].) Furthermore, with respect to the contention that the court

erred in not requiring that the whole of the testimony of the defendant Earl Bonner given at the preliminary examination be read it should be noted that, so far as can be discovered, the only parts of such testimony which were not read consisted of answers of the witness on cross-examination to which objections were interposed either by counsel for the defendant Earl Bonner or by counsel who represented appellant or by both counsel and which objections were sustained by the trial court.

■ Finally, it must be observed that appellant has no cause for complaint with respect to the admission of this evidence. It was the testimony of a witness called by appellant to testify during the preliminary examination, at which neither of the two defendants was represented by counsel. The direct examination of the witness was therefore conducted by appellant who consistently propounded interrogations that were so patently leading that the testimony of the witness on direct examination reads precisely as though appellant himself were on the stand establishing a perfect alibi for himself on the night when the robbery was shown to have been committed. Neither on direct nor on cross examination did the witness implicate appellant in the commission of the robbery. On the contrary, the witness consistently shielded and protected appellant at all times and in all respects material to the offense with which the two were charged. The evidence therefore was directly beneficial rather than harmful to appellant, who has therefore no reason to complain of it in any regard. It may further be noted that the evidence showed that the witness, after denying on direct examination at the preliminary hearing that he had committed the robbery, finally admitted under cross-examination that he was guilty of the offense by the following statement: ''Well, I did hold up Mr. Freeman.''

■ Appellant's fifth and final contention is the familiar contention of evidentiary insufficiency. He maintains that the only evidence produced during the trial which connected him with the commission of the offense consisted of the confession of his codefendant, wherein he implicated appellant in the perpetration of the robbery together with the circumstance that certain property taken from the person of the complaining witness during the commission of the offense was

found in his possession after he was arrested. He points to the fact that the complaining witness did not attempt to identify him as one of the men who robbed him and that his possession of the articles taken from the person of the complainant during the robbery was fully and satisfactorily explained not only by his testimony but also by that of his codefendant who testified both at the preliminary examination and during the trial of the action that he gave them to appellant after their arrest and when the codefendant was on the operating table at the hospital. It is also pointed out that a number of witnesses called by appellant corroborated his testimony that he was in the city of Los Angeles at the time the robbery was shown to have been committed.

As to this final contention, it should be observed that the jury was properly instructed by the court that the evidence respecting the confession of appellant's codefendant, wherein he implicated appellant in the commission of the robbery, having been made without the presence of appellant, should not be considered by the jury in arriving at a determination of whether or not appellant was guilty of the offense. We must here assume that the jury followed the court's instruction in this respect. Therefore, in giving consideration to the contention of evidentiary insufficiency, we must eliminate this evidence. We are not, however, required to eliminate the significant circumstance of possession of the stolen property by appellant after his arrest, nor are we required to accept the testimony of appellant and his witnesses respecting his innocent possession of the property nor to declare that the jury must have believed the testimony of these witnesses since it was in no respect contradicted or shown to be false by the respondent. The possession of the stolen property was of itself a circumstance which the jury was entitled to take into consideration in arriving at a determination of appellant's guilt or innocence. If the record showed that this circumstance was the only evidence which in any way tended to connect appellant with the offense it might be argued that the verdict of guilt as to appellant was not warranted, particularly in view of the evidence which tended to show that appellant's possession of the stolen property was entirely innocent. However, it must be conceded that the circumstance of possession was not the

only evidence which was produced which pointed to appellant's guilt. Respondent produced a witness who testified that he had a conversation with appellant at the police station in El Centro shortly after appellant's arrest during which appellant made the following statement: "We would not be bothered with him any more, we had found a case on him and he would be put away for a long time and we would not have any more trouble with him." This statement which was shown to have been made freely and voluntarily at the time the stolen property was found secreted in a shoe of appellant which he had left at the scene of his arrest and which was brought to the police station by a witness who testified that he had seen the articles in the shoe prior to its being delivered at the station is a circumstance which is strongly indicative of a consciousness of guilt by appellant. It must also be observed that respondent produced a witness who testified positively that he saw and talked with the appellant at a certain place in the city of El Centro between 5 and 6 o'clock in the afternoon of August 26, 1934, approximately five or six hours prior to the time the robbery was committed. Another witness called by respondent testified positively that he saw and talked with appellant in the city of El Centro between 7 and 8 o'clock in the evening of August 24, 1934. This evidence contradicted the evidence of appellant and his witnesses regarding the presence of appellant in the city of Los Angeles during the entire week preceding August 27, 1934, and the jury was at liberty to accept it and to find that, as a matter of fact, appellant was not in Los Angeles during the entire week preceding the above-mentioned date but that, on the contrary, he was in El Centro on August 24, 1934, and on August 26, 1934.

It therefore appears that the circumstance of possession of the stolen property by no means stands alone as an inculpatory circumstance but that it is merely one of several which point strongly to the correctness of the verdict. It is settled that when a person is shown to be in possession of recently stolen property slight corroborative evidence of other inculpatory circumstances tending to show guilt is sufficient to support a conviction. (*People* v. *Gibson,* 16 Cal. App. 347 [116 Pac. 987]; *People* v. *Cataline,* 54 Cal. App. 36 [200 Pac. 1060]; *People* v. *Swanson,* 120 Cal. App.

173, 176 [7 Pac. (2d) 380].) It is our opinion that the corroborative evidence produced during the trial of the action was ample to support the verdict of conviction.

For the reasons stated the judgment and order from which this appeal has been taken are affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 25, 1935.