**UNITED STATES of America,**

v.

**Alexander L. GUTERMA, Garland L. Culpepper, Jr., Robert J. Eveleigh, and George A. Heaney, Defendants.**

**Crim. No. 45776.**

United States District Court
E. D. New York.
May 18, 1959.

Emanuel Eschwege, New York City, for defendant, Robert J. Eveleigh.

Cornelius W. Wickersham, Jr., U. S. Atty. for the Eastern District of New York, Brooklyn, N. Y., for the United States and Richard B. Cooper, Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

BYERS, Chief Judge.

This is a motion by the defendant Eveleigh for severance and a separate trial under F.R.Crim.P. rule 14, 18 U.S. C.A. which provides that the court may order "separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires" if it appears that a defendant is prejudiced by a joinder of defendants, or by such joinder for trial together.

The motion is based upon this defendant's affidavit which points out that the joinder as to co-defendants Guterma and Heaney provides the chief basis of his motion.

This defendant is named in eight of the twenty-eight count indictment, namely ten through seventeen. These all have to do with but one transaction in the manipulation of the affairs of The Bon Ami Company in the sale of its Chatco Steel stock for less than the sum purporting to have been received.

According to the opposing affidavit (which is not controverted) this defendant is charged jointly with Guterma in sundry transactions (three at least) which were so conducted as to adversely affect the financial status of the Bon Ami Company. That those three transactions were related in point of time and involved a continuity of purpose and similarity of method.

While but one transaction is alleged in counts ten through seventeen, knowledge concerning the means employed to accomplish one or both of the others, might well be brought home to Eveleigh (who was the treasurer of Bon Ami during much or all of the relevant periods), which in turn might well aid the jury to reach a clear understanding concerning Eveleigh's part in the matter of the handling of his company's holdings of Chatco stock.

The possible relationship between that transaction and the original purchase and later sale or pledge of 678 shares of The First National Bank of Greenport alluded to in other counts, is not adequately explained away in the defendant's affidavit.

The latter also refers to the adverse publicity concerning Guterma, referred to in an application made by the latter for a change of venue.

It is true that the case as a whole has been the subject of unfavorable publicity as to Guterma, and to some extent as to Eveleigh. But that is not relevant to this motion.

■ Where a joint enterprise is the obvious basis of an indictment in which two or more persons are named, a much stronger case for separate trials would have to be presented than is here shown.

The following quotation from United States v. Fradkin, 2 Cir., 81 F.2d 56, at page 59 is apposite:

"It is contended that it was error to deny appellant's motion for a severance so that he might have a separate trial. * * * It is argued that Fradkin's rights were prejudiced by having to be tried with a confessed criminal * * *. A man takes some risk in choosing his associates and, if he is hailed into court with them, must ordinarily rely on the fairness and ability of the jury to separate the sheep from the goats."

See also: Soblowski v. United States, 2 Cir., 271 F. 294; United States v. Stracuzza, D.C., 158 F.Supp. 522, at page 524.

The judge who shall preside at the trial of this cause can be safely relied upon to adhere to all requirements contemplated by Rule 14 above, with regard to each defendant named in the indictment.

Motion denied. Settle order.