546

[Crim. No. 12653.   Second Dist., Div. One.   Dec. 28, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. RAYMOND FORREST TRELOAR, Defendant and Appellant.

Sheldon M. Jaffe, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Bradley A. Stoutt, Deputy Attorney General, for Plaintiff and Respondent.

WOOD, P. J.—Defendant was accused in one count of murder, in 13 counts of armed robbery, and in two counts of kidnaping for the purpose of robbery. He admitted that he had been convicted previously of two felonies. In a jury trial, he was found guilty as charged, and it was found that the robberies were of the first degree, the murder was of the first degree, and defendant was armed at the times the offenses were committed and at the time of his arrest. The jury fixed

the punishment on the murder count at life imprisonment. Defendant was sentenced to prison for life on that count, and was sentenced to prison for the term prescribed by law on the other 15 counts, with the sentences to run consecutively. Defendant appeals from the judgment and from the order denying his motion for a new trial.

There have been two appeals previously in this case (*People* v. *Treloar,* 64 Cal.2d 141 [49 Cal.Rptr. 100, 410 P.2d 620]; *People* v. *Treloar,* 61 Cal.2d 544 [39 Cal.Rptr. 386, 393 P.2d 698]). The facts with respect to the commission of the crimes were summarized in the opinion in *People* v. *Treloar, supra,* 61 Cal.2d 544, 545-546 (see *People* v. *Treloar, supra,* 64 Cal.2d 141, 143).

Appellant contends that the court erred in imposing consecutive sentences, erred in instructing the jury on defendant's failure to testify, and erred in permitting the reading of testimony given by two witnesses at one of the previous trials. He also contends that the evidence is insufficient to support his conviction on one of the robbery counts (robbery of Mr. Rangel). He does not question the sufficiency of the evidence to support the jury's determination of guilt on the other counts.

■ Regarding the reading of testimony given by two witnesses at the previous trial, the court, before permitting such reading, heard testimony (out of presence of jury) by a process server to the effect that he had made efforts to locate the two witnesses, but had been unable to locate either of them. The court did not err in receiving the reading. (Pen. Code, § 686; *People* v. *Zurica,* 225 Cal.App.2d 25, 33 [37 Cal. Rptr. 118].)

■ Regarding the instructions given (and not given), defendant's counsel requested that the following instruction be given to the jury: "It is a constitutional right of a defendant in a criminal trial that he need not testify. Thus, whether or not he does testify rests entirely in his own decision. You are thus instructed that you must not draw any inference adverse to the defendant simply because he exercises his constitutional right and chooses not to testify." The record shows that defendant's counsel withdrew the aforementioned instruction (his initials appear on said instruction under a notation "withdrawn and CALJIC 51 Revised submitted in lieu thereof"), and that the court gave the following instruction (requested by plaintiff and defendant); "It is a constitutional right of a defendant in a criminal trial that he

may not be compelled to testify. Thus the decision as to whether he should testify is left to the defendant, acting with the advice and assistance of his attorney.'' Defendant did not object to, or request modification of, the requested instruction before it was given. The court did not err in instructing the jury.

With reference to appellant's contention that the evidence is insufficient to support his conviction of robbery of Mr. Rangel (count 15), appellant asserts that Mr. Rangel (victim) did not identify defendant as a perpetrator of that robbery. Mr. Rangel, a bartender at the LeRonde Night Club in Sherman Oaks, testified that on February 28, 1962, while he was working at the club, he was robbed by two men, who took $350 from the cash register and $24 and a money clip from him; one of the men was the codefendant Duvall, but he (witness) could not identify the other man. There was also evidence to the effect that during the period from January 5, 1962, until February 28, 1962, defendant and Duvall robbed several bartenders and managers of cocktail lounges and restaurants; the robberies were perpetrated in a similar manner; and when defendant was arrested, his girl friend, who was with him in the motel room where he was arrested, had Mr. Rangel's money clip in her purse. The evidence was sufficient to support defendant's conviction of robbery of Mr. Rangel. (See *People* v. *Bonner,* 5 Cal.App.2d 623, 631 [43 P.2d 343].)

Regarding appellant's contention that the court erred in imposing consecutive sentences, he asserts that since the jury fixed defendant's punishment at life imprisonment on the murder count, the court ''was divested of power to impose additional and consecutive sentences'' on the other counts. (Citing Pen. Code, § 669; *In re Ward,* 64 Cal.2d 672 [51 Cal.Rptr. 272, 414 P.2d 400].)

Section 669 of the Penal Code, which relates to concurrent and consecutive sentences when a person is convicted of two or more crimes, provides in part that ''if the punishment for any of said crimes is expressly prescribed to be life imprisonment, whether with or without possibility of parole, then the terms of imprisonment on the other convictions, whether prior or subsequent, shall be merged and run concurrently with such life term.'' In *Ward, supra,* where consecutive sentences were imposed on the petitioner in addition to a life sentence, it was said (p. 678) : ''Section 669 of the Penal Code requires that all sentences be merged into an express life term. As a result, since petitioner was given a term of life imprisonment

on count one, the court should not have ordered that the terms on any of the other counts be consecutive." (See *People* v. *Pearson,* 150 Cal.App.2d 811, 821 [311 P.2d 142].)

In the present case, since the appellant was given a term of life imprisonment on the murder count (count 11 of the Consolidated Information and Indictment) the court should not have ordered that the terms on any of the other counts be consecutive. In the brief of the People it is conceded that the sentences on the counts for crimes other than murder should not have been ordered to run consecutively with the express life term sentence on the murder count. There is, however, " 'no need of a reversal of the judgment or of further proceedings in the superior court. It is sufficient that this court modify the terms of the several sentences to declare that such sentences should run concurrently.' " (See *People* v. *Pearson, supra,* pp. 821-822.)

Appellant further contends that the court erred in sentencing him on the two counts (12 and 13) of kidnaping for the purpose of robbery. He asserts that section 209 of the Penal Code (kidnaping for the purpose of robbery) applies only to kidnapings which occur prior to the taking of the personal property, whereas the kidnapings in the present case occurred after the taking of the property. He also asserts that even if section 209 applies to kidnapings after the property has been taken, then the imposition of sentences on the kidnaping counts constituted double punishment as prohibited by section 654 of the Penal Code.

There was evidence to the effect that defendant and Duvall entered Farah's (a bar), and said: "This is a holdup. Move!"; defendant then shot one of the patrons, who did not "move"; other patrons were forced to lie on the floor and were pistol-whipped; Mr. Farah was forced to open the cash register and a safe, from which defendant and Duvall took money; defendant forced one of the patrons (Betty Kohnke) to "empty" the contents of the other patrons' purses; the patrons (other than the person who was shot) were then forced to go into another room and lie on the floor; Duvall said that they were taking Evelyn Doty (another patron) with them and that they would kill her if any of the patrons "moved"; defendant said that he would take Betty in another car; either defendant or Duvall said "they had shot one" and it made no "difference whether they shot two or three more"; Duvall forced Evelyn to accompany him into a car, and he drove away; defendant forced Betty to accompany

him into a car, and he drove away; when the two cars were at a certain location at a later time, the defendant and Duvall taped the hands and mouths of Betty and Evelyn, and then "freed" or went away from them. The evidence was sufficient to support the jury's finding that Betty and Evelyn were kidnaped for the purpose of robbery within the meaning of section 209 of the Penal Code. There is no merit to appellant's assertion that said section 209 applies only to kidnapings which occur prior to the taking of the personal property. (See *People* v. *Baldwin,* 191 Cal.App.2d 83, 87 [12 Cal.Rptr. 365]; *People* v. *Randazzo,* 132 Cal.App.2d 20, 24 [281 P.2d 289].)

Appellant's assertion that section 654 of the Penal Code prohibited his being sentenced for the kidnapings is not sustainable. The victims of the kidnapings (Betty and Evelyn) were not the victims of the robberies charged (those victims were Joseph Farah, William Linnes, and Robert Pike). Even if it were assumed that the kidnapings of Betty and Evelyn and the robberies of Mr. Farrah, Mr. Linnes, and Mr. Pike constituted a single act or course of conduct, the provisions of section 654 of the Penal Code would not be applicable here. It has been said that "Section 654 is not '. . . applicable where . . . one act has two results each of which is an act of violence against the person of a separate individual.' " (*Neal* v. *State of California,* 55 Cal.2d 11, 20-21 [9 Cal.Rptr. 607, 357 P.2d 839]; see 2 Witkin, Cal. Crimes (1963) Punishment For Crime, § 954, p. 908.)

The appeal from the order denying the motion for a new trial is dismissed.

The judgment is modified to provide that the sentences on counts 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 13, 14, 15, and 16 run concurrently with the sentence on count 11. As modified, the judgment is affirmed.

Fourt, J., and Lillie, J., concurred.