Chief Justice Robertson
delivered the opinion of the Court.
Ross and Ely—being indebted to G. W. Adams, in two several sums due by notes—enjoined a judgment he had obtained for upwards of thirteen hundred dollars,upon the note last due—alleging, among other things not neces *510 sary to be here noticed, that having paid as much as ought to have extingished the note first due, they had, for the purpose of paying the last note, delivered to Adams, one hundred and thirty five barrels of pickled pork—fifty barrels of prime, and eighty five barrels of mess—of good quality, and in excellent condition; which he promised to have transported for them to New Orleans, and there sold, and the net avails of which, when received by him, he agreed to apply to the extinguishment of the entire debt; alleging also, that he had, as they apprehended, received, on account of the pork, a sum more than equal to the whole amount due from them, and therefore, calling on him for a discovery and account.
The bill being for a discovery, as well as for an injunction, if the compl’t succeeds to any extent, however small, he is not liable for, but entitled to recover, costs.
Def’t received a quantity of pork, to be sent to N. Orleans, & sold — the proceeds to be applied to a debt due to him from compl’ts: they call upon him, by an injunction bill, for an account &c. he answers evasively, and finally produces an account of sales, by merchants of New Orleans, of pork, evidently not the same he had received of the comp’ts: held that, failing to produce a true account, & substituting one which, as to the transaction in question, is false and delusive, he must be made accountable for the value at N. O.— charges deducted —of such pork as he received; and the proof in the cause, showing the quality of it, the deft’s substituted account may be used to ascertain what an article of a similar description was worth, and what the charges would amount to.
*510 After answering in terms very general, and not altogether satisfactory, Adams was required to file another and more direct and explicit response to the bill; and then, in another answer, he exhibited a paper received from Wallace, Lambeth and Pope, commission merchants, of New Orleans, purporting to be the account of the sales of the pork bailed to him by the complainants, and showing a net balance of eight hundred and fifty eight dollars; which, having been applied by the Circuit Court to the first note, left, in the opinion of that Court, only about nine dollars unappropriated, and for which small amount only, the injunction was therefore perpetuated, and dissolved as to the residue, with a decree for both damages and costs of suit.
That decree is now to be revised.
First. The decree for costs is undoubtedly unreasonable and unjust; because the injunction having been perpetuated for even a comparatively small sum, as to which it was necessary to file the bill for discovery and injunction, the complainants were, according to both principle and practice, entitled to a decree for costs, against the defendant Adams, instead of being subjected to the payment of costs to him.
Secondly. But there is a more radical and important error. The plaintiffs in error were entitled to a perpetuation of their injunction for a much larger sum than that allowed by the decree.
It is evident that the pork described in the account *511 exhibited in the record, was not that, or altogether that, which was delivered to the defendant Adams; because: first—the account is for one hundred and forty three barrels, and the proof is clear and undeniable, that he received only one hundred and thirty five barrels; secondly—the pork he received was shipped at Louisville, in one steam boat, and that described in the account was taken to New Orleans in two steamboats; and, thirdly—some of the pork is described in the account as old mess, and some inferior; and the proof is conclusive that the pork delivered to Adams, was all equally fresh and very good.
As then the defendant Adams not only has exhibited no satisfactory account of the sales of the pork, which he received from the plaintiffs in error, but presented a delusive account of sales of other, and in some essential respects, inferior pork, we can have no doubt that he is justly chargeable with the actual net value at New Orleans, of that which was delivered to him. And the facts exhibited on the record furnish data for ascertaining that value with satisfactory and sufficient certainty: first—they show that all the pork delivered to him was of good quality and in good condition; secondly—they show that fifty barrels were prime, and eighty five barrels mess; and, thirdly, the account exhibited by Mams himself shows that his commission merchants sold good mess pork at an average price of twelve dollars, and good prime pork at an average of at least ten dollars a barrel.
According to these facts, the aggregate gross amount for which, according to the most favorable presumptions for Adams, which should be judicially indulged—he should be charged, is one thousand five hundred and twenty dollars; which—after deducting the amount of charges which, according to his own account, could not be more than three hundred dollars—will leave a net balance chargeable against him of twelve hundred and twenty dollars, and for which, in our opinion, the plaintiffs in error are entitled to a credit, first on their first note, and next on the judgment enjoined.
Wherefore, the decree of the Circuit Court is reversed, and the cause remanded, with instructions to render a decree according to the foregoing opinion.