## DREHMAN *v.* STIFLE.

1. Section 4 of the constitution of Missouri, which ordains that—

   " No person shall be prosecuted in any civil action for or on account of any act by him done, performed or executed, after the first of January, one thousand eight hundred and sixty-one, by virtue of military authority vested in him by the Government of the United States, or that of this State, to do such act, or in pursuance to orders received by him from any person vested with such authority ; *and if any action or proceeding shall have heretofore been, or shall hereafter be, instituted against any person for the doing of any such act, the defendant may plead this section in bar thereof—*"

   is not a bill of attainder within the meaning of that clause of the Constitution of the United States, which ordains that no State shall pass any such bill.

2. Nor does it impair the obligation of a contract, within the meaning of the same constitution, because, in the case of a contract relating to real property—as, *ex. gr.,* a landlord's covenant that he will keep his tenant in possession—its effect is to prevent a determination under particular State statutes of a party's mere right of possession, irrespectively of the merits of title, and where the same result might have confessedly been lawfully brought about by the State legislature, by a repeal of the particular statute, and without impairing the obligation of any contract.

3. *Semble,* that the case might be different if by giving effect to the provision, the party was precluded from asserting a title and enforcing a right.

IN error to the Supreme Court of Missouri ; the case being thus :

In 1854, Mrs. Tyler leased to one Drehman, a house and lot in St. Louis for twenty years, that is to say, till 1874; and by the terms of the lease convenanted *to keep the said Drehman in lawful possession of the premises during the term for which they were leased to him.* In 1860, Mrs. Tyler sold the fee of the premises to one Stifle, who thus became landlord to Drehman, her lessee.

In 1861, during the late rebellion, Stifle, as " colonel of

the home guards," pursuant to an order from his military superior, took possession of the lot, removed all the buildings, and held and used the property for his own private purposes. Stifle being thus in possession and use of the property, Drehman, proceeding under the statutes of Missouri concerning landlords and tenants, in force when the lease was made, and still in force, brought in 1863 an action of forcible entry and detainer against him, before a justice of the peace, to recover possession of the premises and the value of the rents. The section of the statute of Missouri, under which the suit was brought, enacts that "the merits of the title shall in no wise be inquired into, on any complaint, which shall be exhibited by virtue of the provisions of the act." The justice, on the 31st of December, 1863, rendered a judgment in his favor for restitution, for $5000 damages, and for rent at the rate of $60 per month, to be paid from the time of the recovery until restitution should be made, and for costs. Stifle removed the case by appeal to the St. Louis Land Court, where a verdict and judgment were rendered in his favor. Drehman appealed to the Circuit Court of St. Louis County. Before, however, the case came on to be heard there, a constitution of Missouri, adopted in 1865, ordained as follows :

"No person shall be prosecuted in any civil action for or on account of any act by him done, performed or executed, after the first of January, one thousand eight hundred and sixty-one, by virtue of military authority vested in him by the government of the United States, or that of this State, to do such acts, or in pursuance to orders received by him from any person vested with such authority; *and if any action or proceeding shall have heretofore been, or shall hereafter be, instituted against any person for the doing of any such act, the defendant may plead this section in bar thereof.*"

The case coming on to be heard in the Circuit Court in May, 1866, that is to say, after the constitution containing the above-quoted clause passed into force, Stifle relied for his defence upon it. Drehman, on the other hand, set up

that it was in the face of that clause of the Constitution of the United States, which declares that " no State shall pass any bill of attainder, . . . or law impairing the obligation of contracts."

The court instructed the jury, that if the facts established by the evidence to their satisfaction brought the case within this provision of the constitution of Missouri, the defence was valid, and that the defendant was entitled to the verdict. Drehman excepted. The jury found for Stifle, and the court gave judgment accordingly. Drehman, therefore, appealed to the Supreme Court of the State, which affirmed the judgment, and he accordingly brought the case to this court, under the 25th section of the Judiciary Act, for review.

*Mr. J. Hughes, for the plaintiff in error (a brief of Mr. J. C. Moody being filed)*, contended that the clause of the Missouri constitution, by which alone the action of Drehman was defeated, did contain the elements both of a bill of attainder, and of a law impairing the obligation of contracts.

1. *It was a bill of attainder.* The constitution in which it is attempted to be ordained, was reviewed in *Cummings* v. *Missouri.** In that case another clause of the same constitution sought to divest Cummings, a priest, of his power to preach, that is to say, of his right to his profession, by requiring priests to take an oath which he could not take. Here another clause forbids persons to prosecute claims for loss of property, by providing a bar to suits if pending when the ordinance passed. Though the owner is neither charged with nor convicted of a crime, he is deprived of his property without judicial trial as completely as if he were both charged and convicted. If the Convention had declared, by ordinance, that Drehman had committed treason, and that because of his crime his property was forfeited, and his right of action against the defendant barred, this would unquestionably have been a " bill of pains and penalties." Is it any less a bill of pains and penalties when it inflicts the

* 4 Wallace, 277.

penalty without imputing the crime as a foundation?   Does
the Constitution of the United States prohibit the bill of
attainder with a crime imputed as a pretext, and permit an
enactment containing all the essential elements of attainder,
when there is no pretext assigned?

On this question, *Cummings* v. *Missouri* seems to us to be
conclusive.

The court there says:

"The deprivation is effected with equal certainty in one case
as it would be in the other, but not with equal directness.   The
purpose of the lawmaker in the case supposed, would be openly
avowed; in the case existing it is only disguised.   The legal
result must be the same, for what cannot be done directly can-
not be done indirectly.   The Constitution deals with substance,
not with shadows.   Its inhibition was levelled at the thing, not
the name."

That depriving a man of his property is a punishment as
well as an injury, can hardly be denied since the cases of *Cum-
mings* v. *Missouri* and *Ex parte Garland*.\*   And the same thing
is true as to depriving him of a *possession* secured to him by
the law even irrespectively of the question of merits.   He
is deprived of a legal *right;* a *primâ facie* right and title;
which may prove an absolute one in the end.

It is admitted that plaintiff had the right to the property
since 1854, by lease extending until 1874; that he obtained
two judicial determinations of that right in this cause in
1863; that an appeal was taken by the respondent from such
judicial determinations, and pending an appeal that this
constitution was adopted by the Convention.   The court
below says by its instructions, that since the adoption the
plaintiff has no right to the property, or, which is the same
thing, that the respondent is protected by the new constitu-
tion in forcibly depriving the plaintiff of his property, and
that the subsequent detainer of it cannot afford any cause of
action, under the proceedings in the cause.

---

\* 4 Wallace, 227, 333.

2. *It impairs the obligation of a contract.* By the lease, Mrs. Tyler covenanted to keep her tenant in lawful possession of the premises during the whole term of the lease. This was a contract; it became obligatory upon Stifle, by virtue of his being the assignee of the reversion of the estate. The contract had reference to the laws of the State concerning landlords and tenants, in force when it was made and when the suit was commenced; laws which protected the rights of the landlord and tenant respectively. One of these laws gave a remedy to Drehman to enforce the contract by the proceeding of forcible entry and detainer. That law was yet unrepealed and in force. In 1863 the judicial tribunals rendered a judgment against the defendant, and in favor of the plaintiff, for possession, rents, damages, and costs, found to be due under the contract and the laws then in force. The ordinance pleaded in bar of this action was passed in 1865,— eleven years after the contract was made, four years after the breach alleged and liabilities had accrued, and two years after judgment had been rendered in this cause in favor of the plaintiff. Yet the court says the ordinance, by its retrospective operation, is now a complete bar and defence to this action. Before the ordinance was passed, the defendant was adjudged to owe the plaintiff $7000, upon his obligation assumed in this contract. Since the passage the courts say that there is no liability; that the ordinance is a complete bar, and furnishes a new defence. Does it not impair and annul the obligations of the contract?

Numerous authorities, as early as *Sturgis* v. *Crowninshield,** and only ending with *Hawthorne* v. *Calef,*† show that it does.

*Mr. Hoar, Attorney-General, and Mr. M. Blair, contra.*

Mr. Justice SWAYNE delivered the opinion of the court.

This case is brought here by a writ of error issued under the 25th section of the Judiciary Act of 1789, to the Supreme Court of the State of Missouri.

Drehman held the lot to which the controversy between

---

* 4 Wheaton, 122.                † 2 Wallace, 110.

the parties relates by a lease terminating in 1874, and built upon the premises a dwelling-house, store, and other improvements. The lessor sold and conveyed the reversion to Stifle. The house was rendered untenantable by fire. Stifle, as colonel of the "home guards," pursuant to an order from his military superior, took possession of the lot, removed all the buildings, and has since held and used the property for his own private purposes. Thereafter, on the 22d of December, 1863, Drehman commenced an action of forcible entry and detainer against Stifle, before a justice of the peace, to recover possession of the premises. The justice rendered a judgment in his favor for restitution, for a large amount of damages, for a specified sum for rent per month, to be paid from the time of the recovery until restitution should be made, and for costs. Stifle removed the case by appeal to the St. Louis Land Court, where a verdict and judgment were rendered in his favor. Drehman appealed to the Circuit Court of St. Louis County.

Upon the trial at that court Stifle relied for his defence upon the 4th section of the constitution of Missouri, adopted in 1865, which is as follows:

"Section 4. No person shall be prosecuted in any civil action for or on account of any act by him done, performed or executed, after the first of January, one thousand eight hundred and sixty-one, by virtue of military authority vested in him by the government of the United States, or that of this State, to do such acts, or in pursuance to orders received by him from any person vested with such authority; *and if any action or proceeding shall have heretofore been, or shall hereafter be, instituted against any person for the doing of any such act, the defendant may plead this section in bar thereof.*"

The court instructed the jury, substantially, that if the facts established by the evidence to their satisfaction, brought the case within this provision, the defence was valid and the defendant was entitled to their verdict. Drehman excepted. The jury found for Stifle, and the court gave judgment accordingly. Drehman thereupon appealed to the Supreme

Court of the State, which affirmed the judgment, and he has brought the case to this court for review.

Two grounds of jurisdiction here and of error below are relied upon:

I. It is alleged that this section of the constitution of Missouri " is a bill of pains and penalties within the meaning of the Constitution of the United States, and therefore invalid."

The Constitution of the United. States declares that " no State shall pass any bill of attainder, *ex post facto* law, or law impairing the obligation of contracts."   When the Constitution was adopted, *bills of attainder* and *bills of pains and penalties* were well known in the English law.   Each of those terms had a clear and well-defined meaning.   Bills of attainder were acts of Parliament whereby sentence of death was pronounced against the accused.   Courts of justice were employed only to register the edict and carry the sentence into execution.   Bills of pains and penalties were acts denouncing milder punishments.   The term " bill of attainder" in the National Constitution is generical, and embraces bills of both classes.*   It is too clear to require discussion that the provision in question of the constitution of Missouri belongs to neither of the categories mentioned.   If not the opposite of penal, there is certainly nothing punitive ' in its character.   It simply exempts from suits in a certain class of cases those who might otherwise be harassed by litigation and made liable in damages.   It is rather in the nature of the indemnity acts, also well known in the English law.†

II. It is insisted that this section " is a law impairing the obligation of contracts, in violation of the Constitution of the United States."

This proposition is founded upon a provision in the lease that the lessor should keep the lessee " in lawful possession

---

* 2 Woodeson's Lectures, 622–624; Gaines et al. *v.* Buford, 5 Dana, 509; Story on the Constitution, § 1344; Ex parte Garland, 4 Wallace, 324.

† Rowland on the English Constitution, 563 ; 2 May, 267, 324.

of the said leased premises during this lease," &c. It is said that this covenant became obligatory upon Stifle by virtue of his being the assignee of the reversion of the estate; that the law of landlord and tenant of Missouri, in force when the lease was executed, became a part of the contract; that one of the remedies to which Drehman was entitled by this law to enforce the covenant in question was the proceeding by forcible entry and detainer; that this section of the constitution of Missouri, as construed by the Supreme Court of the State, has deprived him of that remedy, and thus impairs the obligation of his contract. This view of the subject is supported by the counsel for the plaintiff in error with ingenuity, research, and ability; but they have failed to convince us of the soundness of the proposition.

The 26th section of the statute of Missouri upon the subject of forcible entry and detainer declares as follows: " The merits of the title shall in no wise be inquired into on any complaint which shall be exhibited by virtue of the provisions of this act." This proceeding has no relation to the rights of property of the parties. It turns entirely on the facts of lawful possession by the plaintiff and unlawful entry by the defendant. The defendant may have a valid title, the plaintiff possession without any title; and yet the defendant, having entered without the plaintiff's consent, may be dispossessed, and the plaintiff be restored to possession. If a party desires to assert his title and enforce his rights, he must resort to the remedies provided for that purpose. This form of procedure is not one of them.* It cannot, therefore, be maintained that this remedy entered into the contract between the lessor and lessee. The legislature might have abolished it, by repealing the statute, without impairing any right within the meaning of the contract provision of the Federal Constitution, acquired while the statute was in force. In this respect it stands on the same footing with any other action *ex delicto*.

Whether the instructions excepted to were right or wrong

---

* Gibson *v.* Ting, 29 Missouri, 134; Butler *v.* Cardwell, 33 Id. 86.

is an inquiry which lies beyond the sphere of our powers and duties. If an action of covenant or ejectment had been brought, and it had been held that the constitution of Missouri affected the right of recovery, the question would perhaps have presented a different aspect. But no such case is before us, and we have not had occasion to consider the subject. The right of a State legislature to pass retroactive laws, where there is no inhibition in the constitution of the State, provided they do not impair the obligation of a contract, and are not *ex post facto* in their character, is too well settled to admit of doubt.* We find no error in the record of which we can take cognizance.

JUDGMENT AFFIRMED.

---

* Williamson *v.* Leland, 2 Peters, 627; Watson *v.* Mercer, 8 Id. 88; Kearney *v.* Taylor, 15 Howard, 494; Sattelee *v.* Mathewson, 2 Peters, 380; Society *v.* Pawlet, 4 Id. 480; Railroad *v.* Nesbit, 10 Howard, 401; Albee *v.* May, 2 Paine, 74; Andrews *v.* Russell, 7 Blackford, 475.