**UNITED STATES v. LISS et al.**

District Court, S. D. New York.

Feb. 10, 1942.

Mathias F. Correa, of New York City (John M. Cannella, of New York City, of counsel), for plaintiff.

Jacob B. Goldberg, of New York City, for defendant Frank Conte and others.

Meadow & Meadow, of New York City, for defendant Huel's Chemists, Inc., and another.

RIFKIND, District Judge.

The motions to quash the indictment are founded upon the claims that (a) it lacks clarity and certainty; (b) it is vague and indefinite; (c) it fails to allege an overt act on part of the moving defendant; (d) it fails to allege with whom the moving defendant conspired; (e) it fails to charge the moving defendant with a substantive offense; (f) whereas the conspiracy is alleged to have begun on or about September 1, 1939, the first overt act mentioned is alleged to have occurred on November 26, 1939; (g) it fails to allege that the conspiracy was conceived in the Southern District of New York; (h) it alleges that the offense was committed in more than one district; (i) it is illogical.

None of the objections has sufficient merit to warrant extended discussion. The indictment alleges a violation of § 37 of the Criminal Code, 18 U.S.C.A. § 88, and charges twenty defendants with a conspiracy to violate §§ 2550(a), 2551, 2553, 2554, 3220, 3221 and 3224 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, §§ 2550(a), 2551, 2553, 2554, 3220, 3221, 3224, by the unlawful means set forth with particularity. Twelve overt acts are alleged.

A comparison of this indictment with the indictment approved in Wong Tai v. United States, 1927, 273 U.S. 77, 47 S. Ct. 300, 301, 71 L.Ed. 545, establishes its immunity to attack for vagueness, uncertainty or lack of clarity. There the court said,

"It is well settled that in an indictment for conspiring to commit an offense—in which the conspiracy is the gist of the crime—it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy, * * *".

It is unnecessary to allege overt acts on the part of each member of the conspiracy. Morris v. United States, 8 Cir., 1925, 7 F.2d 785, certiorari denied 270 U.S. 640, 46 S.Ct. 205, 70 L.Ed. 775. Nor is it necessary to allege that the conspiracy was conceived in the district where the indictment is found. Any district where one of the overt acts was committed is proper venue for the trial of a charge of conspiracy. Morris v. United States, supra; Rudner v. United States, 6 Cir., 1922, 281 F. 516, certiorari denied 260 U.S. 734, 43 S. Ct. 95, 67 L.Ed. 487.

The remaining objections are devoid of substance. The motions to quash are denied and the demurrer of I. David Cohen and Huel's Chemists, Inc., is overruled.

 The several moving defendants also each ask for a separate trial. I see none of the advantages which these defendants profess to discover in separate trials except a possible improvement in atmosphere. But that is not sufficient justification for subjecting the Government to the large expense of four separate trials. Soblowski v. United States, 2 Cir., 1921, 271 F. 294, certiorari denied 256 U.S. 697, 41 S.Ct. 537, 65 L.Ed. 1176.

These motions are likewise denied.