**UNITED STATES of America**

v.

Joseph KUZMA, also known as Joe Kuzma, Robert Klonsky, also known as Robert Kirby, Sam Gobeloff, also known as Joseph Roberts, Benjamin Weiss, also known as Ben Weiss, David Dubensky, also known as David Davis, Thomas Nabried, Irvin Katz, also known as Chick Katz and Irving Katz, Walter Lowenfels, also known as William Lerner, and Sherman Marion Labovitz, also known as Sherman Labovitz.

Crim. No. 17418.

United States District Court
E. D. Pennsylvania.

Feb. 11, 1954.

W. Wilson White, U. S. Atty., Philadelphia, Pa., for plaintiff.

Thomas D. McBride, Philadelphia, Pa., for Kuzma and others.

GANEY, District Judge.

On August 17, 1953, the defendants herein were indicted for conspiracy to advocate the overthrow of the Government of the United States by force and violence. They have filed a motion to dismiss the indictment on a number of grounds, the following of which are pressed for consideration: (1) The indictment charges a conspiracy under a statute not now in effect and prosecution for which is barred by the statute of limitations; (2) the indictment fails to charge a crime; (3) § 2 of the Smith Act, 18 U.S.C.A. § 2385, a section containing the substantive offense which they are charged with having conspired to commit, is in violation of the specific provisions of § 4(f) of the Internal Se-

curity Act of 1950, 64 Stat. 991, 50 U.S. C.A. § 783(f); and (4) § 2 of the said Smith Act, whether standing alone or in conjunction with the General Conspiracy Statute, is unconstitutional in that it constitutes a "bill of pains and penalties" in violation of Article I, § 9, clause 3 of the Constitution. We shall answer these grounds in the order in which they are made.

**1.** *The indictment charges a conspiracy under a statute not now in effect and prosecution for which is barred by the statute of limitations.*

The indictment charges a conspiracy both under § 3 of the Smith Act and under the General Conspiracy Statute to commit an offense prohibited by § 2 of the Smith Act. In setting forth the statutory authority, the indictment recites that the conspiracy was in violation of "U.S.C., Title 18, Section 11 (1946 Ed.), being Section 3 of the said Smith Act while said section of said Act remained effective, and thereafter in violation of U.S.C., Title 18, Section 371 (1948 Ed.)"

Section 3 of the Smith Act, 18 U.S.C. (1946 Ed.) § 11, made it unlawful for any person to conspire, inter alia, to teach or advocate the overthrow of the United States Government by force or violence. This section was repealed by the Act of June 25, 1948, c. 645, 62 Stat. 828, effective September 1, 1948. Therefore, in any prosecution for a violation of that section, the indictment would have to be found not later than September 1, 1951.[1]

We think the reference to the conspiracy being in existence up to a certain point in time and then thereafter under another statute is unfortunate but not fatal as far as the indictment is concerned. What offense is charged and on what statute it is founded is to be determined from the allegations in the indictment. Hammer v. United States, 1926, 271 U.S. 620, 625, 46 S.Ct. 603, 70 L.Ed.

1. See: 18 U.S.C.A. § 3282 (three-year statute of limitations), the saving clause enacted at the time of the revision of Title 18, Act of June 25, 1948, § 21, 18

U.S.C.A. note preceding § 1, and the general saving clause of the United States Code, 1 U.S.C.A. § 109.

1118; United States v. Nixon, 1914, 235 U.S. 231, 235, 35 S.Ct. 49, 59 L.Ed. 207. If it properly charges an offense under the laws of the United States, the indictment is good even though it alleges that the offense is based on a different statute, for an indictment cannot nullify the effect of a statute. Williams v. United States, 1897, 168 U.S. 382, 389, 18 S.Ct. 92, 42 L.Ed. 509. Nor does a reference to a statute relied upon in the indictment limit the prosecution to proof of a case under such statute. Since the General Conspiracy Statute makes the acts which are alleged to have taken place prior to September 1, 1948, a crime, the indictment cannot be dismissed for the reason that it is not founded in part on a valid statute. See United States v. Mesarosh, D.C.W.D.Pa.1952, 13 F.R.D. 180, 187.

Of course defendants cannot be convicted under the now repealed § 3 of the Smith Act because of the three-year statute of limitations, 18 U.S.C.A. § 3282. But this fact, as we have indicated above, is not grounds for dismissing the indictment. While the matter is of importance to defendants because the maximum term of imprisonment provided for in the repealed section of the Smith Act was ten years, whereas it is only five years under the General Conspiracy Statute, in view of our ruling it is of no concern.

■ **2.** *The indictment fails to charge a crime.*

The indictment charges a conspiracy to commit certain specified offenses (1) by advocating the overthrow of the Government and (2) by organizing the Communist Party by force and violence, and both "with the intent of causing the aforesaid overthrow and destruction of the Government of the United States by force and violence *as speedily as circumstances would permit*".

Because the modifying phrase "as speedily as circumstances would permit" did not literally appear in § 2 of the Smith Act, 18 U.S.C. (1946 Ed.) § 10, now 18 U.S.C. (1948 Ed.) § 2385, the defendants contend that the crime charged in the indictment must be that they conspired to commit acts made unlawful by that section without qualification, modification or mitigation. The appearance of the italicized phrase, they claim, in the indictment requires the establishment of a novel and different intent than that which could properly be specified in any indictment. It results, they argue, in the charging of a crime not recognized by the statute under which the indictment is laid. The questioned phrase did not appear in the indictment in Dennis v. United States, 1951, 341 U.S. 394, 71 S.Ct. 857, 95 L.Ed. 1137. It appears to have originated in the trial judge's charge to the jury in that case. Even though it would seem that it could have been omitted from the indictment, we fail to understand why defendants object to its harmless inclusion in the indictment. If it were omitted, the defendants would probably claim that the indictment was too indefinite on that account. The addition of the phrase does not cause an extension of the basic crime set forth in the statute; all it does is tell us how the defendants intended to cause the overthrow of the Government by force and violence.

In rejecting the contention that success or probability of success is the determining factor in applying the "clear and present danger" test, the Supreme Court said in the Dennis case, 341 U.S. 494, at pages 509–510, 71 S.Ct. 857, at page 867: "Obviously, the words cannot mean that before the Government may act, it must wait until the *putsch* is about to be executed, the plans have been laid and the signal is awaited. * * * Certainly an attempt to overthrow the Government by force, even though doomed from the outset because of inadequate numbers or power of the revolutionists, is a sufficient evil for Congress to prevent. The damage which such attempts create both physically and politically to a nation makes it impossible to measure the validity in terms of the probability of success, or the immediacy of a successful attempt. In the instant case the trial judge charged the jury that

they could not convict unless they found that petitioners intended to overthrow the Government 'as speedily as circumstances would permit.' This does not mean, and could not properly mean, that they would not strike until there was certainty of success. What was meant was that the revolutionists would strike when they thought the time was ripe. * * " Moreover, the phrase has been made part and parcel of prior indictments under the Smith Act. These indictments have been held valid as charging a crime under the Act. See United States v. Frankfeld, D.C.Md.1951, 101 F.Supp. 449, affirmed 4 Cir., 198 F.2d 679; United States v. Mesarosh, D.C.W.D.Pa.1952, 13 F.R.D. 180, 187.

In view of what our Supreme Court has said and the rulings which have been made on motions to dismiss similar indictments in the above Smith Act cases, we cannot say that the inclusion of the questioned phrase in the instant indictment prevents the acts alleged therein from being unlawful or cause them merely to approach unlawfulness.

█ 3. *Section 2 of the Smith Act is in violation of the specific provisions of § 4(f) of the Internal Security Act of 1950, 64 Stat. 991, 50 U.S.C.A. § 783(f).*

Section 4(f), in pertinent part, provides: "Neither the holding of office nor membership in any Communist organization by any person shall constitute per se a violation of subsection (a) or subsection (c) of this section or of any other criminal statute".

The contention under this heading needs but a short answer, for § 17 of the same Act, 50 U.S.C.A. § 796, specifically states: "The foregoing provisions of this subchapter shall be construed as being in addition to and not in modification of existing criminal statutes".

█ 4. *Section 2 of the Smith Act, whether standing alone or in conjunction with the General Conspiracy Statute is unconstitutional in that it constitutes a "bill of pains and penalties" in viola-* tion of Article I, § 9, clause 3 of the Constitution.

That clause provides: "No Bill of Attainder * * * shall be passed." Referring to Cummings v. State of Missouri, 4 Wall. 277, 18 L.Ed. 356, and Ex parte Garland, 4 Wall. 333, 18 L.Ed. 366, the Supreme Court said in United States v. Lovett, 1946, 328 U.S. 303, at pages 315 and 316, 66 S.Ct. 1073, at page 1079, 90 L.Ed. 1252: "Neither of these cases has ever been overruled. They stand for the proposition that legislative acts, no matter what their form, that apply either to named individuals or to easily ascertainable members of a group in such a way as to inflict punishment on them without a judicial trial are bills of attainder prohibited by the Constitution." In the Cummings case, the Court also said: "If the punishment be less than death, the act is termed a bill of pains and penalties. Within the meaning of the Constitution, bills of attainder include bills of pains and penalties." Also see Drehman v. Stifle, 1869, 8 Wall. 595, 75 U.S. 595, 601, 19 L.Ed. 508.

The sections of the Smith Act pertinent to this case and now contained in 18 U.S.C.A. § 2385, follow the accepted pattern of criminal legislation. It defines offenses in words which are understandable to men of common intelligence, and it provides penalties for their violations. Without the defendants being convicted under the General Conspiracy Statute to violate § 2 of the Smith Act, the defendants, as far as this court is able to ascertain, cannot be visited with any punishment prescribed by the Acts. Thus the Acts, on their face, cannot constitute a bill of pains and penalties. If the Acts do in fact inflict punishment on them without a judicial trial, defendants will be given an opportunity to show that fact at the trial.

Accordingly, the motion to dismiss the indictment on the first three grounds will be denied; as to the fourth ground, the motion will be denied without prejudice.