UNITED STATES of America,
Plaintiff,

v.

Joseph BRANDT et al., Defendants.

Crim. No. 21076.

United States District Court
N. D. Ohio, E. D.

July 29, 1955.

See also 139 F.Supp. 362.

Sumner Canary, U. S. Atty., Cleveland, Ohio, for the Government.

Yetta Land, Cleveland, Ohio, and Hymen Schlesinger, Pittsburgh, Pa., for defendants.

McNAMEE, District Judge.

The defendants are charged with a conspiracy to violate Section 2 of the Smith Act, Title 18, Section 2385, U.S. Code, and all except Hashmall have filed the various motions noticed below.

### Motion for Bill of Particulars.

██ This motion contains 25 numbered requests which with subdivisions thereof include more than fifty demands for particularization. It is unnecessary to refer to these requests in detail. Their manifest purpose is to elicit most, if not all, of the evidentiary facts supporting the Government's case. This is not the office of a bill of particulars. As required by the rules of criminal pleading, the indictment contains a concise and definite statement of the essential facts constituting the offense charged. The indictment is not wanting in clarity or specificity of statement and fully apprises the defendants of the nature of the charges against them. It contains a full recitation of the constituent elements of the alleged conspiracy and specifies 28 overt acts which are alleged to have been committed in furtherance thereof. More is not required. There is no basis for the claim that the defendants will be taken by surprise. Apparently their requests are modeled after those submitted in United States v. Flynn, D.C., 103 F. Supp. 925, 932, where, in denying the requests, the court appropriately observed: "The demand for the bill goes far beyond anything to which the defendants could possibly be entitled." The motion is overruled.

### Motion of Defendant George Watt for Severance.

Defendant Watt moves for a severance on the grounds—

(1) That he is a resident of New York City and has never resided in this judicial district.

(2) That the overt acts charged against him are alleged to have been committed in New York City and Pittsburgh, Pennsylvania.

(3) That he is disadvantaged to his prejudice in being required to prepare for and stand trial at great distances from his home and the places where his alleged overt acts occurred; and

(4) That he has a constitutional right to be tried either in the district of his residence or the situs of the alleged offense.

██ Watt, in common with the other defendants, is charged with participating in a conspiracy within this district and elsewhere. As a conspirator he would be criminally liable for the acts of his co-conspirators committed within this and other districts if such acts were in furtherance of the common design. Pinkerton v. United States, 328 U.S. 640, 645, 66 S.Ct. 1180, 90 L.Ed. 1489. That one of the conspirators was not within the state of jurisdiction when the acts in furtherance of the conspiracy were committed, does not serve to exculpate him. United States v. Johnson, D.C., 76 F.Supp. 542; U. S. ex rel. Kranz v. Humphrey, 3 Cir., 174 F.2d 741.

██ Defendant's claim of being disadvantaged must be weighed in relation to the manifest disadvantage to the Government if the charge against him were separately tried elsewhere. Hyde v. United States, 225 U.S. 347–363, 32 S.Ct. 793, 56 L.Ed. 1114; Brown v. Elliott, 225 U.S. 392, 32 S.Ct. 812, 56 L.Ed. 1136. This motion is overruled.

### Motion by the other Defendants for Severance of Frank Hashmall and to Strike his Name from the Indictment.

██ Defendant Hashmall was sentenced to the Ohio State Penitentiary for a violation of State law. He has since been released on parole. The other defendants have moved for severance of Hashmall's case and to strike his name from the indictment on the ground that they will be prejudiced in their defense if required to stand trial with him. It is a sufficient answer to this claim to repeat the rule so frequently stated that

in conspiracy cases a severance should not be granted except for strong and cogent reasons. A motion for severance is addressed to the sound discretion of the trial judge, whose ruling will not be disturbed except upon a clear showing of abuse of discretion. This is especially true in conspiracy cases where the charge against all defendants is to be proved by the same evidence. United States v. Smith, 2 Cir., 112 F.2d 83; United States v. Fradkin, 2 Cir., 81 F.2d 56; Dowdy v. United States, 4 Cir., 46 F.2d 417; Tincher v. United States, 4 Cir., 11 F.2d 18; Lucas v. United States, 70 App.D.C. 92, 104 F.2d 225; Wood v. United States, 4 Cir., 204 F. 55.

■ The suggestion that the presence of Hashmall may create an "unfavorable atmosphere" is not sufficient ground for severance. Soblowski v. United States, 2 Cir., 271 F. 294; McDonald v. United States, 8 Cir., 89 F.2d 128; United States v. Liss, D.C., 43 F.Supp. 203.

The motion is overruled.

### Motion for Discovery Under Rule 16.

■ This motion of the defendants reads in part: "The defendants move for an order that the United States District Attorney permit defendants to inspect and copy all books, papers, documents and objects obtained from or belonging to the defendants and all books, papers, documents and objects or copies thereof obtained from others by seizure or by process." Fed.Rules Crim.Proc. rule 16, 18 U.S.C.A., provides in part: "* * * the court may order the attorney for the government to permit the defendant to inspect and copy or photograph designated books, papers, documents or tangible objects * * * upon a showing that the items sought may be material to the preparation of his defense and that the request is reasonable * * *". The defendants' motion contains no designation of the items sought to be inspected, nor does it contain any averment that inspection of these items may be material to the preparation of their defense and there is no showing that the request is

reasonable. It therefore appears on the face of the motion that the requirements of Rule 16 have not been met. The motion is overruled.

### Motion to Require Amendment as to Names.

■ This motion is based upon the ground that in designating most of the defendants by aliases in addition to their proper names the indictment is prejudicial. The practice of unnecessarily describing defendants by aliases is not to be approved; however, it cannot be determined whether such practice is justified here until evidence is adduced in the trial on the merits. Ruling on this motion is therefore deferred until after the evidence in the case is presented, at which time the court will make such ruling as then seems appropriate.

### Motion for Pre-trial Subpoena.

■ On December 20, 1954 the Government furnished counsel for defendants with a list of seventy-nine documents it expects to offer in evidence, together with a detailed recitation of excerpts therefrom which the Government proposes to read to the jury. These documents have been and are available for inspection by defendants or their counsel at any reasonable time before trial. The Government represents that at an early date it will furnish an additional list of documents available for pre-trial inspection. However, the Government reserves the right to offer in evidence other documents and materials not included or to be included in either list because their inspection might disclose confidential sources of information and "the method, manner and circumstances of the Government's acquisition of these materials." The Government is entitled to protection against such disclosures. Bowman Dairy v. United States, 341 U. S. 214, 71 S.Ct. 675, 95 L.Ed. 879. The motion is overruled.

### Motion for Stay of Proceedings.

This motion is based upon the erroneous assumptions of defendants, which

are well stated in the Government's brief as follows:

"Defendants predicated their motions to stay all proceedings on the general premise that the Smith Act, Section 2385, Title 18, United States Code, is amended by implication or otherwise supplemented by provisions of Public Law 637, 83rd Congress, Chapter 886, 2nd Session, S. 3706 [50 U.S.C.A. § 841 et seq.], and, as so amended, constitutes a bill of attainder and ex post facto law, violates the due process clause of the United States Constitution and deprives the defendants of rights guaranteed by the Constitution. Defendants further alleged that the enactment of Public Law 637, known as the Communist Control Act of 1954, contrives a conviction through pretense of a trial, changes the rules of evidence, imputes guilt by association, has aggravated the positions of the defendants, and has generated an atmosphere so inflammatory and prejudicial that the defendants cannot obtain a fair trial so long as the Communist Control Act remains a law."

■■■ A comparison of the Communist Control Act and the Smith Act reveals that the former in no way impinges upon or amends the latter. Indeed, as appears in the Congressional Record, Vol. 100, No. 162, August 19, 1954, pp. 14392–14399, it was not until after members of the United States Senate were convinced that the Communist Control bill would not adversely affect prosecutions under the Smith Act, that the former was enacted. The several claims of prejudice advanced by defendants being based upon an erroneous premise, no further comment thereon is necessary.

■■■ Defendants also urge that the enactment of the Communist Control Act has accentuated adverse public sentiment against members of the Communist Party generally and that it is impossible for them to obtain a fair trial at this time. A similar argument was made and rejected in other prosecutions under the Smith Act. United States v. Dennis, 2 Cir., 183 F.2d 201; United States v. Flynn, 2 Cir., 216 F.2d 354. As has been aptly suggested, a delay in the trial for the reasons assigned might well result in an abatement of the prosecution. United States v. Dennis, supra.

The motion submits no meritorious reasons for a stay, and is overruled.

### Motion to Dismiss.

■■■ For the most part this motion follows the familiar pattern of similar motions which were overruled in other Smith Act prosecutions. Extended comment on the reasons urged in support of the motions is unnecessary. The sufficiency of the indictment—the constitutionality of the Smith Act—and the clear and present danger rule— have been subjects of discussion in numerous and lengthy opinions in the Smith Act cases, in all of which contentions similar to those made here have been found wanting in merit. United States v. Flynn, D. C., 103 F.Supp. 925, affirmed, 2 Cir., 216 F.2d 354; United States v. Frankfeld, D.C., 101 F.Supp. 449, affirmed, 4 Cir., 198 F.2d 679; United States v. Fujimoto, D.C., 102 F.Supp. 890; United States v. Dennis, 2 Cir., 183 F.2d 214; Dennis v. United States, 341 U.S. 494, 71 S.Ct. 857, 95 L.Ed. 1137. An extended discussion of the same issues here would be a work of supererogation. It is sufficient to add that the contention that the indictment is invalid because it refers to a statute that has been repealed, is unsound. The indictment charges a conspiracy under Section 3 of the Smith Act while that section was in effect, and thereafter in violation of the general conspiracy statute, Title 18, Section 371. Section 3 of the Smith Act was repealed June 25, 1948; however, Section 371 of Title 18 U.S. Code was in effect at all times during the alleged conspiracy. The fact that the indictment refers to a section of the Smith Act that has been repealed, must be regarded as mere surplusage. The indictment properly charges an offense under a valid existing law of the United States. This is sufficient. Error in the citation of a statute is not a ground for dismissing the indictment.

Rule 7(c), Federal Rules of Criminal Procedure; Williams v. United States, 168 U.S. 382, 18 S.Ct. 92, 42 L.Ed. 509; United States v. Kuzma, D.C.E.D.Pa. 1954, 141 F.Supp. 91. The motion is overruled.

#### Amended Motion to Dismiss.

This motion is based upon the sole ground that the indictment charges no conspiracy which continued into the three-year period prior to the date of the indictment. It is necessary to say only that a reading of the indictment completely refutes the defendants' claim. The motion is overruled.

#### Second Amended Motion to Dismiss.

This motion merely re-avers in subance the argument submitted in support of defendants' Motion to Stay Proceedings. The reasons assigned for denying the motion to stay apply here. The Communist Control Act of 1954 does not expressly or by implication repeal the pertinent provisions of the Smith Act and can in no way affect the rights of the defendants in this case.

This motion is overruled.

#### Motion for List of Names of Witnesses.

█ Defendants submit no valid reason or applicable authority in support of this motion. Section 3432 of Title 18 U.S.C. provides:

"A person charged with treason or other capital offense shall at least three entire days before commencement of trial be furnished with a copy of the indictment and a list of the veniremen, and of the witnesses to be produced on the trial for proving the indictment, stating the place of abode of each venireman and witness."

In United States v. Schneiderman, D.C., 104 F.Supp. 405, 409, the court said:

"But only persons 'charged with treason or other capital offense' are entitled as of right to be furnished 'before commencement of trial' with names of 'the witnesses to be pro-

duced on the trial for proving the indictment.' "

This motion is overruled.

#### Motion for Inspection of Grand Jury Minutes.

This motion is based upon the claims—

1. That unauthorized persons appeared before the grand jury or were present in the grand jury room.

2. That one or possibly two witnesses gave perjured testimony before the grand jury.

█ Refuting ground No. 1 of the motion is the affidavit of Assistant Attorney General Thomas K. Hall, who deposes that he was present in the grand jury room during the presentation of evidence; that no unauthorized person was then in the room and that after the evidence was presented, all persons other than members of the grand jury withdrew. Affiant says further that to the best of his knowledge and belief, no person entered the grand jury room until after the indictment was voted.

█ 2. Only one of the two persons mentioned in defendants' motion appeared as a witness before the grand jury. Whether the testimony of this witness was true or false is a matter for determination at the trial of this cause.

This motion is overruled.