**UNITED STATES of America**

v.

**Samuel Thomas STALLINGS, Colon Oscar Campbell, Hugh Godette, Adolph Frazier, Alphonso McKinney, Edward Towe, Mack Fonville, Jerry Burrus, John Doe alias George, John Doe a/k/a Ham Fat.**

United States District Court
S. D. New York.
Dec. 18, 1958.

Arthur H. Christy, U. S. Atty., S.D. N.Y. by John C. Lankenau, New York City, for plaintiff.

Normal S. Beier, New York City, for defendant Godette.

Frederick M. Douglass, Brooklyn, N. Y., for defendants Stallings and Godette.

EDELSTEIN, District Judge.

Defendants Stallings and Godette are named in a five-count indictment charging each with a conspiracy to violate the liquor revenue laws and with four substantive violations. Each moves for dismissal on the ground of the bar of the statute of limitations and for the production of statements or memoranda of statements by himself, in the possession of the Government.[1]

The substantive violations charged are: under I.R.C.1939, 26 U.S.C. § 2833, carrying on the business of a distillery without a bond; under § 2810, possession of an unregistered 50-gallon distillery; under § 2834, the fermentation of mash for alcohol in unauthorized premises; and under § 2803, the possession and transportation of alcohol in unstamped containers. The conspiracy count, under 18 U.S.C. § 371, alleges the violation of these sections as its object. The latest date mentioned in the four substantive counts is July 28, 1953, and the date of the last overt act alleged in the conspiracy count is August 10, 1953, both more than three years prior to the date of the indictment, filed on June 12, 1958.

■ Section 6531 of Title 26, I.R.C. 1954, provides a three-year limitation period, but provides exceptions under which the limitation is six years. Among the exceptions are:

"(2) for the offense of willfully attempting in any manner to evade or defeat any tax or the payment thereof;

\*　\*　\*　\*　\*　\*

"(8) for offenses arising under section 371 of Title 18 of the United States Code, where the object of the conspiracy is to attempt in any manner to evade or defeat any tax or the payment thereof."

The defendants argue that the three-year period must be applicable because, although they have been charged with violations of the liquor revenue laws, they have not been charged with evading or defeating any tax or with conspiring to evade or defeat any tax. The argument is plausible, but Braverman v. United States, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23, supplies the conclusive answer. The objects of the conspiracy charged in that case included the violation of all the sections involved here, and the Supreme Court indicated that the objects of the conspiracy involved an attempt to evade or defeat payment of federal taxes, under a similar exception to the statute of limitations then applicable. Thus, "[w]here the object of a conspiracy is to evade the internal revenue laws pertaining to the manufacture, possession, and sale of distilled spirits, the limitation period applicable is six years, not three years." Putman v. United States, 5 Cir., 162 F.2d 903. The motion to dismiss must be denied.

■ The second motion, for the production of defendants' own statements, touches upon "a question of no little difficulty" to the judges of this district. See United States v. Louie Gim Hall, 2 Cir., 245 F.2d 338, 341. Apparently production is sought under both Rule 16 and Rule 17(c) of the Federal Rules of Criminal Procedure, 18 U.S. C.A., although it does not appear that any subpoena duces tecum has been issued. But Rule 17(c) is in any event inapplicable here, for it is perfectly obvious that nothing more than discovery is intended, and there is no suggestion that the trial would be expedited by an inspection of subpoenaed materials at a time and place before trial. See Bowman Dairy Co. v. United States, 341 U.S. 214, 220, 71 S.Ct. 675, 95 L.Ed. 879. And whether or not the court has the power to order discovery under Rule 16 is an issue inappropriate for decision in this case. Even if the court has the power, the motion must necessarily be denied because of the absence of the statutorily required showing of materiality and reasonableness.

1. The motion for a bill of particulars was decided from the bench upon oral argument.