**UNITED STATES of America**

v.

**John Gilbert ACHESON, Defendant.**

United States District Court
S. D. New York.

June 2, 1960.

S. Hazard Gillespie, Jr., U. S. Atty., for Southern Dist. of New York, New York City, for U. S., George F. Roberts, Asst. U. S. Atty., New York City, of counsel.

John T. Moran, Jr., New York City, for defendant.

McGOHEY, District Judge.

The indictment, in two counts, charges the defendant with mail theft in violation of 18 U.S.C. §§ 2 and 1708. Defendant moved under Criminal Rule 41 (e), 18 U.S.C.A., to suppress certain evidence allegedly seized illegally and, under Criminal Rule 16, for discovery and inspection of his unsigned statements made between arrest and arraignment.

After consideration of the authorities and of the history and purpose of Rule 16, I am of the opinion that a defendant's statements do not come within its scope. Shores v. United States, 8 Cir., 174 F.2d 838, 11 A.L.R.2d 635; Schaffer v. United States, 5 Cir., 221 F.2d 17, 54 A.L.R.2d 820; United States v. Peltz, D.C., 18 F.R.D. 394; United States v. Cohen, D.C., 15 F.R.D. 269; United States v. Gogel, D.C., 19 F.R.D. 107; United States v. Kiamie, D.C., 18 F.R.D. 421. Even assuming that such a statement is within the rule, there is no showing of circumstances necessitating its production, United States v. Stallings, D.C., 168 F.Supp. 828, and I deny the motion upon that ground also. There can be no prejudice to the defendant if the government does not offer the statement at the trial. If, on the other hand, the statement is offered the government must then make it available to him. Whether it should be admitted, can then be determined in light of the facts. Nothing is lost at this time save the opportunity to tailor the defense around the statement. See United States v. Malizia, D. C., 154 F.Supp. 511. The motion under Rule 16 is denied.

The affidavits submitted upon the motion to suppress are in conflict as to material facts, and so a hearing is necessary. The hearing is set down for June 8, 1960 at 10:30 A. M.

So ordered.