**UNITED STATES of America**

v.

**George COPES, Jr., Mary Elizabeth Copes, James Randolph, Maurice William Woolford, William Lloyd Sawyer, Melvin Clifton Hutt, Nathaniel Doane, and John Woolford.**

**Cr. No. 25476.**

United States District Court
D. Maryland.

May 3, 1961.

See also 191 F.Supp. 623.

Joseph D. Tydings, U. S. Atty., and John R. Hargrove, Asst. U. S. Atty., Baltimore, Md., for plaintiff.

William J. O'Donnell, Baltimore, Md., and George E. Bahen, Jr., Salisbury, Md., for defendant Hutt.

THOMSEN, Chief Judge.

The defendant Hutt, indicted for conspiracy to violate and other violations of the marihuana laws, has moved to discover and inspect certain items pursuant to Rule 16, F.R.Crim.P., 18 U.S. C.A. All items were ruled upon in open court except paragraphs (a), (b) and (j) of defendant's motion.

Rule 16 provides:

"Upon motion of a defendant * * *, the court may order the attorney for the government to permit the defendant to inspect and copy or photograph designated books, papers, documents or tangible objects, obtained from or belonging to the defendant or obtained from others by seizure or by process, upon a showing that the items sought may be material to the preparation of his defense and that the request is reasonable. * * *"

(1) Paragraphs (a) and (b) of defendant's motion request permission to inspect and copy:

"(a) Any and all statements allegedly made by or obtained from the Defendant, Melvin Clifton Hutt, whether the same be in writing (signed or unsigned) or oral;

"(b) Any and all transcripts, recordings of transcripts or memoranda of any and all questions asked the Defendant and all answers given by him or obtained from him while he was being interrogated by any representative of the Maryland State Police or any agent of the U. S. Treasury Department."

The history behind Rule 16 and the earlier cases construing that Rule are exhaustively discussed in United States v. Peltz, S.D.N.Y., 18 F.R.D. 394, 403. The defendant in that case requested inspection of his oral statement as reduced to writing by a government stenographer. Judge Herlands denied the motion holding that such a statement was not a document which had been "obtained from or belonging to" the defendant. He also held that no distinction should be made between a signed or unsigned statement. The overwhelming weight of authority sustains the decision in Peltz. See the opinions of the Courts of Appeals and of the District Courts cited in Peltz, and in United States v. Jannuzzio, D.Del., 22 F.R.D. 223. See also United States v. Acheson, S.D.N.Y., 25 F.R.D. 349; United States v. Lopez, S.D.N.Y., 26 F.R.D. 174, 175.

The motion should be denied with respect to the items requested in Paragraphs (a) and (b).

(2) Defendant also requests permission to inspect and copy:

"(j) Any and all books, papers, documents or other tangible objects which may have been obtained by seizure or process from George Copes, Jr. [and other defendants]."

Defendant has not complied with that part of the Rule which requires him to "designate" the items of which inspection is desired. Similar broad requests have been denied for a failure to designate. United States v. Brandt, N.D. Ohio, 139 F.Supp. 367, 370 ("all books, papers, documents and objects or copies thereof obtained from others by seizure or by process"); United States v. Giglio, S.D.N.Y., 16 F.R.D. 268, 271.

Defendant has not even described and clearly has not "designated" the items he desires. This part of his motion should also be denied, without prejudice to counsel for this defendant to submit a motion which complies with the Rule.